[L. A. No. 6410.   Department One.—July 30, 1920.]

In the Matter of the Estate of NELLIE M. WALL, Deceased.   ARNOLD E. WALL et al., Appellants; HELEN A. GRIES et al., Respondents.

[1] NEW TRIAL—DISCRETION—APPEAL.—The trial court in acting upon a motion for a new trial, particularly on the ground of insufficiency of the evidence to support the verdict or findings, has a wide discretion, and its action thereon, either for or against the motion, will not be disturbed on appeal unless it clearly appears to the appellate court that the discretion was abused.

[2] ID.—CONTEST TO PROBATE OF CODICIL OF WILL—EVIDENCE—ORDER GRANTING NEW TRIAL—DISCRETION.—In a contest of the probate of the codicil of a will on the ground that the same was not executed by the deceased either in the manner prescribed by section 1276 of the Civil Code or at all, it was within the discretion of the court to grant the proponents a new trial, where there was clear and positive evidence establishing the execution of the will, notwithstanding contradictory evidence as to the genuineness of the signature of the deceased.

[3] Appeal—Purpose of Delay—Penalty.—Where no reason can be perceived for the taking of an appeal, except a desire for vexation and delay, a proper case exists for the imposition of a penalty.

[4] Id.—Penalty not Excessive.—A penalty of two hundred dollars for a useless appeal in a will contest which has caused a delay of almost a year is proper.

APPEAL from an order of the Superior Court of Los Angeles County granting a new trial. Paul J. McCormick, Judge. Affirmed.

The facts are stated in the opinion of the court.

E. B. Coil for Appellants.

Pierce, Critchlow & Barrette and Dockweiler, Mott & Dockweiler for Respondents.

SHAW, J.—This is an appeal from an order granting a motion for a new trial with respect to a part of the judgment.

The respondents offered for probate a document purporting to be the will of the decedent, and another document purporting to be a codicil thereto. The appellants contested the probate of the codicil on the ground that the same was not executed by the decedent either in the manner prescribed by section 1276 of the Civil Code or at all. The jury returned a special verdict to the effect that said Nellie M. Wall did not sign the said codicil nor acknowledge nor declare to the subscribing witnesses that the same was her will, and that said witnesses did not sign the codicil at the request of Nellie M. Wall in her presence and in the presence of each other. Judgment was entered in accordance with the verdict, denying probate to the codicil. Thereupon the proponents moved for a new trial of the issues relating to the codicil on the grounds of newly discovered evidence; insufficiency of the evidence to justify the verdict; that the verdict was against the law, and for errors of law occurring at the trial. The court granted the motion on all of said grounds and set aside the part of the judgment which denied probate to said codicil.

[1] The trial court in acting upon a motion for a new trial, particularly on the ground of insufficiency of the evi-

dence to support the verdict or findings, has a wide discretion, and its action thereon, either for or against the motion, will not be disturbed on appeal unless it clearly appears to the appellate court that the discretion was abused. This proposition has been so often decided that it is unnecessary to cite authorities in support of it. In the present case, three eye-witnesses, daughters of the decedent, testified directly and positively that the decedent acknowledged her signature to the document proposed as a codicil to them, and declared the same to be a codicil to her will, and that two of them, namely, Helen A. Gries and Bessie Elliott, then and there at her request signed their names thereto as witnesses to the execution thereof in her presence and in the presence of each other. It is difficult to conceive of clearer or more positive evidence establishing the execution of the will than was presented in this case. The contradiction thereof consisted of the evidence of the three other children of the decedent, to the effect that in their opinion the signature to the codicil was not the signature of the decedent, and the testimony of a handwriting expert to the effect that, after comparing the same with numerous admittedly genuine signatures of the decedent, it was his opinion that the signature to the codicil was not genuine. There was also some testimony of circumstances tending to show that the subscribing witnesses to the will were not present at the house of the decedent on the day the will was signed by her, as claimed by the proponents. In support of the genuineness of the signature there was the additional testimony of two bank cashiers, who had been for some years accustomed to identifying the signature of the decedent on checks and other documents in connection with her account at the bank, each of whom testified, in effect, that they believed the signature to the codicil to be her genuine signature.

[2]   It is obvious that in this state of the evidence it was within the discretion of the court to grant a new trial. If he believed the evidence of the witnesses for the proponents, it was his duty to do so. While it is true that on cross-examination the said witnesses contradicted themselves and showed evidence of considerable agitation, there was nothing from which, as a matter of law, we can say the court should have refused to credit their testimony. The

CLXXXIII—28

judge who tried the case was the judge who granted the new trial, and he saw and heard the witnesses as they were testifying, and was in a much better position to determine their credibility than this court could possibly be. It is unnecessary to consider the other points presented in the motion for a new trial. Upon this ground alone the order must be affirmed. [3] This proposition is so well established that we are unable to perceive any reason for the taking of this appeal, except a desire for vexation and delay. It is a proper case for the imposition of a penalty on the appellants. It appears that the estate was of the value of something near seventy-five thousand dollars. [4] A penalty of two hundred dollars for a useless appeal which has caused a delay of almost a year cannot be considered excessive.

The judgment is affirmed, and it is ordered that the respondents recover of the appellants the sum of two hundred dollars as damages on account of the appeal, and their costs.

Olney, J., and Lawlor, J., concurred.