[Civ. Nos. 3813, 3814.   First Appellate District, Division Two.—May 16, 1921.]

JESSIE L. McCAIN, Plaintiff, Appellant and Respondent, v. CITY OF OAKLAND (a Municipal Corporation), et al., Defendants; FREDERICK SODERBERG et al., Defendants, Respondents and Appellants.

[1] New Trial—Grounds—Appeal.—An order granting a motion for a new trial prior to the amendment to section 657 of the Code of Civil Procedure which did not designate the ground upon which the motion was granted must be affirmed where the motion was made upon several grounds and the order can be sustained upon any one of them.

[2] Id.—Insufficiency of Evidence—Discretion—Appeal.—Where on a motion for a new trial which includes the ground of the insufficiency of the evidence to sustain the verdict it appears to the trial judge that the evidence is insufficient, it is not only his privilege but his duty to grant the motion, and the order cannot be disturbed on appeal, unless it is shown that there has been an abuse of discretion.

[3] Highways — Injuries from Defective Condition — Liability of Public Officers—Evidence.—In an action based upon an alleged statutory liability arising out of the provisions of the act relating to the liability of public officers for damages resulting from defects and dangers in streets and highways (Stats. 1911, p. 1115), it is necessary for the plaintiff to prove that a dangerous or defective condition of the street existed in consequence of which the injury was suffered, that the officer had actual notice of such condition, that due care was used to avoid the danger, that the officer had authority to remedy the condition at public expense, and that funds were available for that purpose.

[4] Id.—Collision of Automobile With Street Bulkhead—Negligence—Order Granting New Trial—Discretion not Abused.— An order granting a new trial in an action for personal injuries occasioned by a collision of an automobile with an alleged defectively constructed and maintained bulkhead across a city street is not an abuse of discretion where the evidence was conflicting and uncertain on each of the essential elements of recovery.

APPEALS from a judgment of the Superior Court of Alameda County and from an order granting a new trial. T. W. Harris, Judge. Order affirmed. Appeal from judgment dismissed.

The facts are stated in the opinion of the court.

Ostrander, Clark & Carey for Plaintiff, Respondent and Appellant.

Guy Le Roy Stevick, Alfred C. Skaife, Redman & Alexander, H. L. Hagan, John J. Earle and Chapman & Trefethen for Defendants, Respondents and Appellants.

NOURSE, J.—Plaintiff commenced this action against the city of Oakland, the members of the city council, designated as commissioners, and the Fidelity and Deposit Company of Maryland, surety upon the official bonds of the commissioners. The cause of action was based upon personal injuries received by plaintiff while riding in an automobile

along one of the public streets of the city. The injury was occasioned by the collision on the night of September 19, 1917, of the automobile with a bulkhead alleged to have been constructed and maintained by the city authorities in a defective and dangerous condition. Upon demurrer the action fell as to the city of Oakland. At the conclusion of plaintiff's main case all the remaining defendants moved for nonsuits. These motions were denied at the time except as to the defendant Morse, whose motion was granted. At the end of defendants' case the court, of its own motion, reversed this ruling and ordered nonsuits as to all these defendants other than Soderberg and the surety company, as to whom the motions were denied. Though it does not so appear in the order, it is stated that the reason for making the distinction between commissioner Soderberg and the other commissioners was that he was the commissioner having special jurisdiction over the construction of street improvements. The cause then went to the jury as to these two defendants and a verdict resulted in favor of plaintiff in the sum of $5,149. Thereafter the court granted the motion of these defendants for a new trial.

The case comes before this court on two appeals presented, by stipulation, on one single record—(1) plaintiff's appeal from the order granting a new trial, and (2) the appeal of defendants Soderberg and the surety company from the judgment. The latter appeal is not seriously urged, counsel stating in their briefs that an affirmance of the order granting a new trial disposes of their appeal.

[1] The motion for a new trial was made upon eight separate grounds. It was granted on November 8, 1918, prior to the amendment to section 657 of the Code of Civil Procedure. It did not designate the ground upon which it was granted. Hence, if the order can be sustained upon any one of the grounds assigned it must be affirmed. (*Gordon* v. *Roberts,* 162 Cal. 506, 508, [123 Pac. 288], and cases there cited.) On this appeal defendants place their main reliance upon the insufficiency of the evidence to sustain the verdict and plaintiff argues that it is apparent from statements made by the trial judge during the course of the hearing on the motion that this was the ground upon which the order was based.

[2] If the evidence appeared to the trial judge to be insufficient it was not only his privilege but his duty to grant a new trial (*Green* v. *Soule*, 145 Cal. 96, 102, [78 Pac. 337]), and the order so made cannot be disturbed on appeal unless it clearly appears that the trial judge abused the discretion committed to him. (*Estate of Wall*, 183 Cal. 431, [191 Pac. 687]; *Estate of Bainbridge*, 169 Cal. 166, 169, [146 Pac. 427].)

[3] In the present case plaintiff's cause of action was based upon an alleged statutory liability arising out of the provisions of the act relating to the liability of public officers for damages resulting from defects and dangers in streets, highways, etc. (Stats. 1911, p. 1115.) The portion of the act material to this case is the provision that no public officer having charge of the repair of a highway shall be liable for injury arising from the dangerous or defective condition thereof "unless such officer shall have had actual notice of such defective or dangerous condition and shall have failed for a reasonable time after such actual notice to repair the same; provided, that such officer had authority to remedy such condition . . . and funds were available for that purpose." It is also necessary under the act in order to hold the public officer liable that it shall appear "that such damage or injury was sustained while said street, highway . . . was being carefully used and that due care was exercised to avoid such danger."

Though this statute, in so far as it relates to the liability of public officers, is negative in character, counsel assume that it is sufficient to fix a liability upon the public officers if the conditions specified therein are shown to exist. Both parties rely solely upon this statute as fixing defendant's liability and, such being the case, it was necessary for plaintiff to prove (1) that a dangerous or defective condition of the street existed in consequence of which plaintiff suffered the injury; (2) that defendant Soderberg had actual notice of such condition; (3) that plaintiff used due care to avoid the danger; (4) that defendant Soderberg had authority to remedy the condition at the expense of the city, and (5) that funds were available for that purpose. If any one of these conditions was not proved by sufficient evidence the trial judge was justified in setting the verdict aside.

[4]   On each one of these five essential elements of recovery the evidence was conflicting and uncertain, and on each one the trial court could have justly held that plaintiff failed to meet the burden of proof.

It was shown that the bulkhead was a solid structure of stone and cement four feet high completely across Rio Vista Avenue, placed there by the superintendent of streets in accordance with an ordinance of the city council to close the southerly end of the street to traffic. It was a permanent structure, free from defects in construction and from any danger in the daytime. As to the night-time it might be a source of danger to fast-driving automobilists unless it could be disclosed by either the light from a street lamp or the headlights of the approaching vehicle. There was evidence that the bulkhead was sufficiently lighted by a street lamp and that it was easily discernible from headlights of an approaching vehicle.

There was no direct evidence that the defendant Soderberg had any notice of any danger resulting from its construction or the manner in which it was maintained. The only evidence as to actual notice on his part was that at some time not stated the superintendent of streets took him over the streets of Oakland showing him where the witness was engaged in work and that included in that trip was Rio Vista Avenue. The work on this bulkhead was then in course of construction and plaintiff assumes that defendant Soderberg saw it, but there was no attempt to show that it was then in any dangerous or defective condition, that warning lights were not being used at that time, or that defendant Soderberg was ever informed that the bulkhead was insufficiently lighted in the night-time.

The evidence relating to the care used in driving the automobile, the authority of defendant Soderberg rather than the superintendent of streets or other municipal officer to remedy any dangerous condition, and the availability of funds for the purpose, is of like character. From a review of the record it is apparent that the trial court did not abuse its discretion in granting the motion for a new trial.

Plaintiff assigns as error the action of the trial court in granting the motions of the other defendants for nonsuits. Nothing appears in the record as to these motions subse-

quent to the order granting them. If judgment followed in their favor the proper way to raise the error would be by appeal from that judgment. The motions no doubt were granted because there was not a particle of evidence tending to bring those defendants within the terms of the statute of 1911.

The Surety Company raises by separate brief the question whether it can be liable in any event, as its bond ran exclusively to the city of Oakland and does not inure to one claiming damages against a commissioner of the city. In this connection it is argued that the bond, having been given under the charter of the city of Oakland, inures to the benefit of the city exclusively and is not controlled by the general code provisions (sec. 958 et seq., Pol. Code) relating to bonds payable to the state of California. But this question is not properly before the court on this appeal—it was not raised in the trial court, and the bond is not included in the record. The city charter does not require that the official bonds shall inure exclusively to the city, and, in the absence of a record, the court cannot assume that the bond in this case contained that provision.

The judgment having been set aside by the order granting a new trial, the appeal from that judgment has now become moot. That appeal is, therefore, dismissed. The order granting a new trial is affirmed.

Langdon, P. J., and Sturtevant, J., concurred.