[Civ. No. 7019. First Appellate District, Division Two.—November 8, 1930.]

CHARLES WESSEL, a Minor, etc., Appellant, v. JOSEPH CAZARETTO, Respondent.

George J. Steiger, Jr., and J. Thaddeus Cline for Appellant.

Joseph J. Bullock for Respondent.

BURROUGHS, J., *pro tem.*—This is an action for personal injuries. The cause was tried by the court without a

jury. Judgment was entered in favor of the defendant and the plaintiff appeals therefrom. At the time of the accident out of which this cause arose, the plaintiff was a boy of seven years of age. The action is brought by his father, who was appointed his guardian *ad litem*. Complaint is made that the findings of the court are not sustained by the evidence. It is alleged in the second amended complaint that on January 2, 1927, the defendant was the owner of a vicious horse which he knew to be vicious and ferocious and which he carelessly and negligently permitted to run at large in the city of San Carlos. That on said day while so at large said horse kicked the plaintiff in the face, inflicting serious injuries. These allegations are denied by the answer. The court found that the defendant was not the owner of a vicious horse, or that the horse mentioned in the said complaint was or is a vicious animal; that it is not true that defendant negligently or otherwise permitted said horse to go at large without being securely guarded or otherwise; that it is not true that on January 2, 1927, said horse was at large and not securely guarded and confined; that it is not true that said horse on the last-mentioned day or at any time, kicked or wounded or inflicted any injuries upon plaintiff as set forth in the complaint or otherwise, or that plaintiff was damaged in any sum whatever through any fault or act of the defendant. Counsel for plaintiff sets forth in his brief such evidence as he believes sustains the allegations of the complaint. ■ However, if there is any substantial evidence to sustain the findings of the trial court this court may not interfere. (*Estate of Wall*, 183 Cal. 431 [191 Pac. 687]; 20 Cal. Jur., p. 27, sec. 13.)

■ There is no evidence that the horse was vicious. The evidence of defendant and other witnesses was to the effect that the horse was about twenty-five years old, "broken down" and one with whom children had frequently played, "lifted his feet" and "pulled his tail". The court also found that it was not true that on January 2, 1927, said horse was at large and not securely confined; that it was not true that said horse on the day last mentioned or at any other time, kicked or wounded the plaintiff. There was no evidence of any eye-witness to the accident; even the child did not undertake to identify the horse. He kept repeating that it was "the horse". The defendant testified that he

did not allow the horse to run at large. That on the day of the accident he put his horse in his own pasture about 7 A. M. and tied the gate to the pasture with a rope he kept for that purpose, tying it with a knot that he always used; that about 5 P. M. he took the horse from the pasture and the gate was still tied as he had left it in the morning. The evidence also discloses that the fence was well built, It also appears from the evidence that at different times there were other horses at large in the vicinity of the accident, although there was no one who testified that there were any other horses there the day of the accident. We think that the foregoing evidence sustains the findings of the trial court.

█ It is next contended that the court erred in denying plaintiff's motion for a new trial. The motion was made on the ground of newly discovered evidence which could not with reasonable diligence have been produced at the trial. Counsel for the appellant admits that the granting of a new trial on the ground above stated rests largely in the discretion of the trial court, and may only be disturbed for an abuse of such discretion. (20 Cal. Jur., sec. 58, p. 81, and cases there cited.) Three affidavits were presented in support of the motion for a new trial; that of one John Marks, whose principal statement is to the effect that he had seen the horse owned by the defendant running at large on the day of the accident between the hours of 10 A. M. and 12 M.; the affidavit of Thomas Carlisle, who says he saw the horse belonging to the defendant kick the child in the face; the affidavit of Frank J. Appel, that he was told by Louis Hess, one of the witnesses for defendant, that the testimony he gave in favor of defendant was false and that he had been paid for it by the defendant. We have read all the affidavits in opposition to the motion and every material allegation of the affidavits of said Marks, Carlisle and Appel is denied by said counter-affidavits. █ The rule that the decision of a motion for a new trial rests largely in the sound discretion of the trial court applies with full force to a motion on the ground of newly discovered evidence. (20 Cal. Jur., sec. 58, p. 81; *Waer* v. *Waer,* 189 Cal. 178 [207 Pac. 891].) The principal reason for this is that the trial judge is generally in a much better position to determine the value and effect of the evidence.

Accordingly, the decision of a lower court on motion for a new trial on the ground of newly discovered evidence is rarely interfered with where every material fact is contradicted by counter-affidavits. (20 Cal. Jur., sec. 58, pp. 81, 82 and 83.) We are of the opinion that there is no merit in either question raised by the appellant.

The judgment is affirmed.

Nourse, P. J., and Sturtevant, J., concurred.