## WELCH v. ALLINGTON et al.

A BEING in debt to B, executes to him his promissory note for the amount due. A afterwards gives to B, C's note for the same amount, and B surrenders up A's note, which is destroyed. C's note is not paid at maturity, and B sues A upon the original note, which had been given up: *held*, that the action could be maintained, as there was no express agreement between A and B that C's note was to pay the debt, or that the note of A was to be extinguished by C's note: *held*, further, that the reception of C's note, in the absence of any express agreement to the contrary, only operated as an extension of the time of payment of A's note until the maturity of C's.

APPEAL from the District Court, Sixth Judicial District, Sacramento County.

The facts are stated in the opinion of the Court.

*Frank Hereford*, for Appellant.

*George R. Moore*, for Respondents.

CROCKER, J. delivered the opinion of the Court—COPE, C. J. and NORTON, J. concurring.

This is an action upon a promissory note executed by Allington & Parker. It appears that Allington had given the plaintiff a nonnegotiable note for the same amount as the note sued on, executed by one Smith, not at the time due, and therefore the note sued on was surrendered up to Allington. Smith, it appears, had a note against Allington, of an amount sufficient, as a set-off to the note thus transferred by Allington to the plaintiff, and when the plaintiff demanded the money due on Smith's note, the latter claimed the set-off and refused to pay. The plaintiff then brought this action upon the original note, which had been surrendered at the time of the exchange.

The appellant contends that the plaintiff had no right of action upon the original note until he had instituted suit against Smith, or it was shown that Smith was insolvent, or had absconded from the State. This point is not well taken. It was held by this Court in *Griffith* v. *Grogan* (12 Cal. 317), that when a promissory note is received upon an antecedent debt, such debt is not extinguished

thereby, unless the new note was, by express agreement, received in payment of the antecedent debt; that it only operated to extend, until the maturity of the note, the period for the payment of the debt.    There is no evidence in this case of any express agreement that the new note was to be in payment of the old one, or that the debt due on the old note was to be extinguished by accepting the new one.    The only fact tending that way was, that the old note was surrendered when the new note was received; but that was held insufficient to prove such an agreement in the case of *Olcott* v. *Rathbone* (5 Wend. 490).    The law will not presume such an agreement, and it must be proved by the party relying upon it. The taking of the new note operated as an extension of the time of payment of the old note; and as soon as that extended time had expired, the plaintiff had a right to bring his action upon the old note, if the amount was not then paid; and he was under no obligation to sue on the note of Smith.    His right of action upon the old note did not depend upon the contingency of an unsuccessful suit against Smith.

The judgment is affirmed.