Argued April 7; decided June 3, 1895.

## SHEAHAN v. DAVIS.
[40 Pac. 405, 28 L. R. A. 476.]

RIGHTS OF ACCOMMODATION INDORSER OF NEGOTIABLE NOTE AFTER DELIVERY.
—Where a third person indorses a negotiable promissory note for the accommodation of the payee, without notice of any infirmities, and is required to pay the same to a *bona fide* purchaser, on default by the payee, his payment relates back to the date of his indorsement, thereby rendering him a *bona fide* holder, and so enables him to recover against the maker, irrespective of equitable defenses.

APPEAL from Multnomah: HARTWELL HURLEY, Judge

This is an action by E. J. Sheahan, an accommodation indorser, against A. F. Davis, the maker of two negotiable notes, to recover the amount he was compelled to pay to the holders thereof upon the default of the maker. The facts are that on November seventh, eighteen hundred and ninety-two, the defendant Davis executed his promissory notes, payable to the order of one J. C. McCaffrey for one hundred dollars and three hundred dollars, due in thirty and ninety days, respectively, in con-

sideration of McCaffrey's agreement to procure for him a conveyance of one hundred and sixty acres of school land in Lane County, Oregon, and the further agreement that if said land should, upon examination, prove unsatisfactory to the defendant, he would within three months repurchase it, and repay the purchase price, and the expense of the examination; that McCaffrey, for value, immediately transferred the smaller note to one J. P. Smith, and the larger one to the Portland National Bank, by the following indorsement on each: "For value received we hereby waive protest, demand, and notice of nonpayment. (Signed) J. C. McCaffrey, E. J. Sheahan, G. Kutzschan"; that on the seventeenth of said month the defendant, not having received said conveyance, and having examined the land, and being dissatisfied therewith, notified McCaffrey, who agreed to return said notes, but failing to do so, and the defendant having made default in their payment, the plaintiff paid the amount of each to the holder thereof, and to recover the sums so paid brings this action against the maker, in which he alleges *inter alia* that he indorsed said notes for the accommodation of the defendant, at his instance and request, and without any consideration therefor. This allegation was denied by the defendant, who alleged that the indorsement was made entirely at the request of McCaffrey, and upon the issue thus formed a trial was had, at which the court, in substance, instructed the jury that if the plaintiff indorsed said notes for McCaffrey, at his request and for his accommodation, and not at the request or for the accommodation of the defendant, he could not recover in the action, to the giving of which the plaintiff by his counsel excepted, and the exception was allowed by the court. The verdict being for the defendant, the court rendered a judgment thereon, from which the plaintiff appeals.

REVERSED.

For appellant there was a brief and an oral argument by *Mr. Ralph R. Duniway.*

For respondent there was a brief and an oral argument by *Mr. Arthur C. Emmons.*

Opinion by MR. JUSTICE MOORE.

The question here presented is whether the maker of a negotiable promissory note will become liable to one who, without his request, indorses it for the accommodation of another, in case such indorser is compelled to pay it upon default of the maker. The rule is well settled that one who voluntarily and officiously pays the debt of another, without any request or authority to do so from the debtor, cannot recover from him the sum so paid: 2 Edwards on Bills and Notes, § 728; Byles on Bills, 273. The reason for this rule doubtless is that by the voluntary payment of the debt no privity of contract is created between the debtor and the person paying the debt; but when a creditor assigns the debt, though without the request of the debtor, a privity of contract between the assignee and the debtor is established. The maker of a negotiable note promises to pay at maturity to the person lawfully holding it the amount of money named therein, and an indorser of such note who, upon the default of the maker, satisfies the demands of the indorsee, and takes up the note, becomes the lawful holder, and may enforce the terms of the contract against all prior indorsers who have been notified of the dishonor, as well as against the maker, who, by putting such a note in circulation, invites indorsements thereof, which invitation, when accepted, creates a privity of contract between the maker and indorser: *Barker* v. *Parker*, 10 Gray, 349. If the plaintiff indorsed these notes to accommodate McCaffrey, his liability was equally as great as though

he had at one time been the lawful holder for value, and transferred them in the ordinary course of business: 2 Randolph on Commercial Paper, § 692. The plaintiff having incurred this liability upon the faith of the maker's promise and the obligation of the payee's indorsement, shall the defendant be allowed to escape his liability as maker because he did not request the plaintiff to indorse these notes? It is true the plaintiff alleged he was an accommodation indorser for the defendant; but, having taken up the note upon the maker's default, his right of action depends upon the fact of his indorsement, and not upon the manner of it: 2 Randolph on Commercial Paper, § 743.

If the plaintiff, to accommodate McCaffrey, indorsed the notes in good faith, believing them to have been executed for a valuable consideration, and the indorsees discounted them before maturity, in good faith, without knowledge or notice of any infirmities therein, the plaintiff incurred a conditional liability, and when the maker made default in their payment his liability to the indorsees became fixed, and it was his duty to satisfy their demands, and take up the notes: 2 Randolph on Commercial Paper, § 747. Upon such a payment of the notes the law subrogated him to all the rights the indorsees had against the payee and maker; and he, being a *bona fide* holder, became entitled at once to proceed against the maker, and it could make no difference with his legal or equitable rights what he may have heard or ascertained in regard to fraud in the original consideration after his liability had been incurred: *Beckwith v. Webber,* 78 Mich. 390, (44 N. W. 330,) for when an indorsement has been made in good faith, and the indorser has been compelled to pay and take up a negotiable promissory note at or after its maturity, his title relates back to the date of his indorsement, and he thus be-

27 OR.—36.

comes the lawful holder for value and without notice although after his indorsement he may learn of the want or failure of the original consideration. The indorsees having acquired these notes before maturity, for value, and without knowledge or notice of their want or failure of consideration, they had such a title as rendered the defendant liable to them for the amount thereof; and if the plaintiff indorsed them in good faith, believing that they had been executed for a valuable consideration, then upon acquiring the title from the indorsees the defendant became liable to the plaintiff for their payment; and it can make no difference whether the indorsement was made for the accommodation of another or for value, since an accommodation indorser cannot recover from the maker until he has paid and satisfied the demands of the indorsees. The defendant by executing his negotiable promissory notes impliedly requested the plaintiff to indorse them, and, having done so, a privity of contract between them was established, and it was error to instruct the jury that the defendant would not be liable thereon if the plaintiff without his request had indorsed them for McCaffrey's accommodation alone, for which reason the judgment is reversed and a new trial ordered.                                    REVERSED.

---

Argued April 10; decided June 3, 1895; rehearing denied.