[Civ. No. 4577. First Appellate District, Division Two.—April 23, 1924.]

CHARLES WILLIAMS et al., Respondents, v. W. C. WALKER et al., Defendants; HARRY CHAN et al., Appellants.

[1] PROMISSORY NOTE — PAYMENT BY ACCOMMODATION INDORSER — LIABILITY OF MAKER—KNOWLEDGE OF WANT OF CONSIDERATION.— The maker of a promissory note is liable to one who, before maturity, in good faith and without notice or knowledge that there was fraud in the original consideration or want or failure of the original consideration, indorses the note for the accommodation of the payee, and without the maker's request, if such indorser is compelled to pay it upon default of the maker; and this is so even though after his indorsement he acquires that knowledge.

[2] ID.—ACCOMMODATION INDORSER—LIABILITY TO SUBSEQUENT HOLDER —RECOVERY FROM MAKER.—Such an indorser of a promissory note is liable to a subsequent holder in due course and, upon default of the maker, may, at any time after the note becomes due, pay the legal holder, take up the note, and recover from the maker.

1. See 19 Cal. Jur. 873; 3 R. C. L. 1136.
2. See 3 R. C. L. 1146.

Upon payment he succeeds to the rights of the indorsee against the maker.

[3] ID.—NOTE AS SECURITY—HOLDER FOR VALUE.—Where a note is taken as collateral security for a pre-existing debt owing to him by his indorser, or for a debt at that time created, the indorsee is a holder for value and in the usual course of business; and one who takes accommodation paper by way of pledge to secure the repayment of a simultaneous loan made in consideration of the pledge is a holder for value.

[4] ID.—GIVING OF NOTE AS PAYMENT—EXTINGUISHMENT OF ORIGINAL OBLIGATION—AGREEMENT OF PARTIES—RIGHT OF ACTION.— Where an accommodation indorser has paid the note of his principal by executing his own note to the holder, and the latter note is accepted in payment and extinguishment of the first note, such accommodation indorser has an action to recover the amount of the first note, even though his own note is not paid at the time of the trial; but where the holder of the original note continues to hold same as collateral, and there is no express agreement that the note of the accommodation indorser should be received in payment of the original note, an action in favor of the accommodation indorser, and against the maker of the original note, will not lie.

---

(1) 8 **C. J.**, p. 272, sec. 425.    (2) 8 **C. J.**, p. 272, sec. 425.    (3) 8 **C. J.**, p. 487, sec. 702; p. 488, sec. 703.    (4) 8 **C. J.**, p. 267, sec. 419.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Daniel C. Deasy, Judge. Reversed.

The facts are stated in the opinion of the court.

Goldman, Nye & Surr for Appellants.

David Cosgrave and W. A. Andrews for Respondents.

NOURSE, J.—Action by accommodation indorsers against the payee and makers of a negotiable promissory note for $500, dated January 18, 1918. Judgment was rendered in favor of plaintiffs against all the defendants, from

---

3. Transfer of negotiable note as security for antecedent debt, notes, 1 Ann. Cas. 275; 21 Ann. Cas. 936; Ann. Cas. 1917D, 386. See, also, 19 Cal. Jur. 858; 3 R. C. L. 976.

4. See 19 Cal. Jur. 958, 971.

which defendants Chan and Ah Tye appeal. Defendants Chan and Ah Tye were the makers and defendant Walker was the payee. The payee, defendant Walker, indorsed the note, and at the same time, before maturity, at Walker's request and for his accommodation, plaintiffs also indorsed the note and guaranteed payment of the same, waiving presentation, demand, protest and notice of nonpayment. Walker immediately thereafter delivered the note to the Merchants National Bank of San Francisco and received from them $500. The complaint then alleges payment by plaintiffs to said bank, upon demand, of $550, the amount of principal and interest then due upon said note, delivery of the note to plaintiffs, and that "plaintiffs are now the owners and holders of the same." Defendant Walker defaulted in the action. Defendants Chan and Ah Tye in their answer, admitted the execution and delivery of the note. For the purposes of this opinion it is sufficient to say that they attempted to plead, by way of defense, fraud in the procurement of the note, want of consideration and failure of consideration, the note having been given in accordance with the terms of payment of a certain lease of farming land between defendant Walker, as lessor, and defendants Chan and Ah Tye, as lessees, which lease it is claimed was obtained by false representations. Because we think the judgment must be reversed for the reasons hereinafter stated, it is unnecessary to pass upon these defenses.

[1] The maker of a negotiable promissory note is liable to one who, before maturity, in good faith and without notice or knowledge that there was fraud in the original consideration or a want or failure of the original consideration, indorses the note for the accommodation of the payee, and without the maker's request, if such indorser is compelled to pay it upon default of the maker. (*Sheahan* v. *Davis*, 27 Or. 278 [50 Am. St. Rep. 722, 28 L. R. A. 476, 40 Pac. 405]; 3 R. C. L., p. 1121.) And this is so even though *after* his indorsement he acquires that knowledge. (*Sheahan* v. *Davis*, *supra*; *Beckwith* v. *Webber*, 78 Mich. 390 [44 N. W. 330]; 3 R. C. L., p. 1121.) [2] Such indorser is liable to a subsequent holder in due course and, upon default of the maker, may, at any time after the note becomes due, pay the legal holder, take up the note, and

recover from the maker. Upon payment he succeeds to the rights of the indorsee against the maker. (*Sheahan* v. *Davis, supra; Beckwith* v. *Webber, supra; Lill* v. *Gleason,* 92 Kan. 754 [142 Pac. 287] ; 3 R. C. L., p. 1121; 8 C. J., p. 272, sec. 425.) **[3]** Where a note is taken as collateral security for a pre-existing debt owing to him by his indorser or for a debt at that time created, the indorsee is a holder for value and in the usual course of business. (*Peoples State Bank* v. *Penello,* 59 Cal. App. 174, 177 [210 Pac. 432] ; *Anglo-California Trust Co.* v. *Wallace,* 58 Cal. App. 625 [209 Pac. 78] ; Civ. Code, sec. 3106.) Also "one who takes accommodation paper by way of pledge to secure the repayment of a simultaneous loan made in consideration of the pledge is a holder for value." (8 C. J., p. 267, sec. 419.) It was alleged by respondents and found by the trial court (and this finding is not attacked), that the note was hypothecated with the bank for a loan of $500 (the face value of the note). It is not contended that the bank had knowledge of any equities between the original parties to the note. The bank, therefore, being a pledgee for value, before maturity, in good faith and without notice of any infirmity in the note, was a holder in due course (*Anderson* v. *Union Bank,* 117 Va. 1 [83 S. E. 1080, 1081]), and respondents were liable to them.

In this action it would have no effect upon the indicated rights and liabilities of respondents whether or not the defenses above referred to would be available to appellants in an action between the original parties to the note, if respondents indorsed without knowledge of any equities in favor of appellants. Passing the question of respondents' prior knowledge, which is one of the points urged by appellants, one other prerequisite to respondents' recovery from the makers (appellants) was payment by them to the bank. (*Sheahan* v. *Davis, supra;* 3 R. C. L., pp. 1121–1122.) The trial court found that "prior to the commencement of this action, at the time said promissory note became due, upon demand made upon plaintiffs by said Merchants' National Bank, plaintiffs paid to said Merchants' National Bank the money then due and owing by the terms of said promissory note, principal and interest amounting to the sum of $550.00, and upon the payment of which sum said Merchants' National Bank then and there delivered to

plaintiffs said promissory note and plaintiffs were, at the time of the commencement of this action, and are now, the owners and holders of the same.'' Appellants attack this finding as unsupported by the evidence, and we think the criticism is merited.

The evidence on this phase of the case was that on March 11, 1920 (the note became due April 18, 1918), respondent Williams paid the bank $50 in cash on account of the principal due on this note and gave his personal note to the bank for $450, the amount of the balance due on the original note; that at different times up to January 3, 1921, he paid various sums, amounting to $125, in addition to the first $50 payment; that on June 30, 1920, he gave a new note for $375, the decreased amount of the indebtedness, and a new note for the same amount on November 29, 1920; that on January 28, 1921, having reduced the amount to $325, he gave a new note for $1,075, covering this $325, and another obligation of $750, and uniting them; that he thereafter paid $50 on this latter note. The bank did not deliver the original note to respondent Williams on March 11, 1920, when he gave them his first note for the amount of the balance due on the original note. It retained the note and continued in possession of it at all times thereafter, only delivering it to respondent Williams on June 24, 1921, as the witness Harris, the bank's representative, testified, to be used as evidence on the trial of this action. At the same time Williams gave the bank what was termed a ''trust receipt,'' stating that he had received the note from them in trust ''for inspection or return,'' which receipt Harris identified on the trial as ''a receipt for collateral.'' There was no evidence of any agreement at the time Williams gave his note of March 11, 1920, to the bank, or thereafter, that this note was given or received by the bank in payment of the original note. The bank's representative testified that the original note was taken off the bank records, in so far as its discount was concerned, on March 11, 1920 (the date of Williams' first note); that the bank records show that it was paid on that date and the bank then carried it as a straight loan to Williams.

[4] There is no doubt that, as stated in *McDonough* v. *Nowlin,* 17 Cal. App. 45, 48 [118 Pac. 463, 465], relied on by respondents, ''where a surety or accommodation indorser

has paid the note of his principal by executing his own note to the holder, and it is accepted in payment and extinguishment of the first note, he has an action to recover the amount of the first note . . . though his own note was not paid at the time of the trial. (*Stanley* v. *McElrath,* 86 Cal. 449 [10 L. R. A. 545, 25 Pac. 16].)'' The difficulty here is that there was no agreement that Williams' note should be received in payment of the original note, and it is significant that the bank continued to hold the original note as collateral. The rule is that there must be an express understanding or agreement to that effect before a new note of the debtor, or of a third person, operates to satisfy or extinguish the indebtedness evidenced by an earlier one. (*Welch* v. *Allington,* 23 Cal. 322; *Savings Bank* v. *Central Market Co.,* 122 Cal. 28, 33 [54 Pac. 273]; *Andrews* v. *First National Bank,* 55 Cal. App. 138, 141 [203 Pac. 156]; *Anglo-California Trust Co.* v. *Wallace,* 58 Cal. App. 625, 628 [209 Pac. 78]; *Peoples State Bank* v. *Penello,* 59 Cal. App. 174, 183 [210 Pac. 432].)

In view of our decision in this matter it will be unnecessary to consider other points raised by appellants on appeal.

For the reasons given the judgment is reversed.

Sturtevant, J., and Langdon, P. J., concurred.