[Civ. No. S. C. 15.   Second Appellate District, Division One.—April 16, 1937.]

MARGARET McARTHUR, Appellant, v. JOHN B. WELLMAN et al., Defendants; HAYWARD LUMBER AND INVESTMENT COMPANY (a Corporation) et al., Respondents.

C. Malcolm MacKinnon for Appellant.

LeRoy B. Lorenz and Philip T. Lyons for Respondents.

DESMOND, J., *pro tem.*—This appeal is taken by the widow of John A. McArthur from a judgment holding that, while she was entitled to foreclose a deed of trust executed by the defendant John B. Wellman, her recovery under such foreclosure would be subject to payment of two liens represented by judgments which had been obtained by the Hayward Lumber and Investment Company in the sum of $788.58, and Home Finance and Mortgage Company in the sum of $687.22. The appeal is, of course, from the portion of the judgment which gives priority to these liens over the trust deed held by appellant, and is grounded upon a claim that the evidence does not support the judgment. The trust deed in question was recorded in the county of Los Angeles on January 28, 1932, and was given to secure payment of a promissory note dated January 21, 1932, in favor of John A. McArthur and Margaret McArthur, husband and wife as joint tenants, in the sum of $2,000. On January 21, 1925, a note in the sum of $1950, payable three years after date, and a trust deed attaching to the same premises had been executed by Mr. Wellman in favor of Mr. and Mrs. McArthur. The date of maturity of this last-mentioned three-year note was January 21, 1928, and action on the note would be barred by the statute of limitations after the lapse of four years from that date. The four years expired on January 21, 1932, and the court found:

"That on the occasion of the execution of said Request for Reconveyance and the execution and recording of said reconveyance, the principal sum mentioned in the note and trust deed executed in 1925 had not been paid, and the said reconveyance was incidental to the execution by the said John B. Wellman of a new note and trust deed representing and securing the same obligation." The request for

reconveyance, according to the reconveyance itself placed of record by the Title Insurance and Trust Company on January 28, 1932, recited: "that all sums secured by said Deed of Trust have been fully paid and that said Deed of Trust and the note or notes secured thereby have been surrendered to said Trustee for cancellation". If, as a matter of fact, the obligation represented by the first trust deed had been paid, of course, the liens held by the judgment creditors became effective, and the judgment of the court, as has been stated, did, in fact, give them full effect over any claim of the appellant under the second trust deed.

We think the point at issue in this case was whether there was an agreement between the parties to the trust deed, that is, the grantor Wellman and Mr. and Mrs. McArthur, that the acceptance of the new obligation should discharge the debt represented by the old. It is quite apparent from the record before us that there was no such agreement, and, as we have stated, the court found specifically that the principal sum had not been paid. In *Bridge* v. *Connecticut Mut. Life Ins. Co.,* 167 Cal. 774 [141 Pac. 375], we find a quotation from an earlier case, *Welch* v. *Allington,* 23 Cal. 322, as follows: " 'The law will not presume such an agreement (i. e. that the acceptance of a note shall discharge the debt), and it must be proved by the party relying upon it. The taking of the new note operated as an extension of the time of payment of the old note; and as soon as that extended time had expired, the plaintiff had a right to bring his action upon the old note, if the amount was not then paid.' "

While that case is not on all fours with this one, we feel that the principle there stated, as well as in the case of *Bridge* v. *Connecticut Mut. Life Ins. Co., supra,* applies; for in the last-mentioned case it is said: (p. 781) "The mere fact that the old note was surrendered to the debtor at the time of receiving the new note was held to be insufficient to require a conclusion that there was such an agreement in both the case last cited (*Welch* v. *Allington,* 23 Cal. 322) and in *Savings & Loan Soc.* v. *Burnett,* 106 Cal. 514, 529, 530 [39 Pac. 922, 925]. In *Sather Banking Co.* v. *Briggs,* 138 Cal. 724, 733 [72 Pac. 352, 355], it was said: 'The general rule is that the renewal of notes does not amount to payment. (*Savings Bank* v. *Central Market Co.,* 122 Cal. 28, 33 [54 Pac. 273].) The presumption is that they were not so

taken.' "  In *Pacific Nat. Agr. Credit Corp.* v. *Wilbur*, 2 Cal. (2d) 576 [42 Pac. (2d) 314], pertinent comments are made in paragraphs six and seven of the opinion and authorities are there cited.  We note particularly the following quotation from 33 A. L. R. 149: (p. 588)  " 'And where the holder of the senior mortgage *discharges it of record and contemporaneously takes a new mortgage, he is not, in the absence of paramount equities, held to have subordinated his securities to an intervening lien,* unless the circumstances of the transaction indicate this to have been his intention, or such intention on his part is shown by extrinsic evidence.' "   (Italics ours.)

The judgment creditors, or lien holders, in this case were not in any way misled to their prejudice by the transactions between the defendant Wellman and appellant, and for that reason under the authorities above stated, we believe that the appeal is well grounded.  The judgment, then, under which a commissioner's sale of the real estate was ordered, should be modified in such manner as to recognize the two judgment liens as attaching to the property but subject and inferior to the lien of the trust deed, and to provide that upon the sale the amount due the plaintiff, appellant here, under the terms of the trust deed shall first be paid, any balance then remaining to be paid to the judgment creditors according to any preferential interest that may exist between them.

As so modified, the judgment is affirmed.

Houser, P. J., and York, J., concurred.

A petition by respondents to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 14, 1937.