WOOD, P. J.
 

 In her second amended complaint against the defendants Bank of America and George E. McCullen (a manager of bank), Carmalita T. Hanley, as executrix of the will of Raymond J. Hanley, deceased, sought declaratory relief with reference to a “continuing guaranty” which the decedent had executed in favor of the bank, and sought recovery of bonds which had been pledged with the bank as security for the guaranty. In a cross-complaint against the executrix, the bank sought declaratory relief and recovery of the balance ($8,019.80) due on a debt allegedly covered by the guaranty. Judgment was that the bank recover $8,019.80, and that the bank is entitled to possession of the bonds. Plaintiff (and cross-defendant) executrix appeals from the judgment.
 

 Appellant contends that the bank’s acceptance of a note from a third person discharged the original debt, thereby relieving the guarantor of liability.
 

 
 *437
 
 On December 17,1963, Raymond J. Hanley executed a continuing guaranty whereby he guaranteed and promised to pay to the bank any and all indebtedness, then or thereafter made, of John Catalano and Leo Catalano, not to exceed $10,000 “at any one time.” To secure the payment of indebtedness incurred under the guaranty, Mr. Hanley pledged and delivered to the bank certain bearer bonds.
 

 On December 18, 1963, the bank, through its manager, defendant McCullen, loaned $10,000 to John and Leo Catalano, in reliance upon the guaranty and bonds. Concurrently with the making of the loan, John and Leo made and delivered to the bank a note, dated December 18, 1963, in the amount of $10,000, payable to the bank in 90 days from the date of the note. Also concurrently with the making of the loan, the bank made an entry of the loan on a “Loan Liability Ledger” maintained in the names of John Catalano and Leo Catalano.
 

 Thereafter, Henry Catalano, a brother of John and Leo, made three payments on the loan, after which the balance on the loan was $8,019.80. When Henry made the first payment ($750) on January 27, 1964, Henry executed a renewal note for the unpaid balance. At that time, the note which had been made by John and Leo was marked “Renewed,” and was returned by the bank to John and Leo because banking regulations preclude a bank from having two notes in a loan file. When Henry made the second and third payments, he executed similar renewal notes for the unpaid balance then existing. All of the payments were entered on the loan liability ledger maintained by the bank in the names of John Catalano and Leo Catalano, and no liability ledger was maintained in the name of Henry Catalano.
 

 Mr. McCullen, the manager of the bank, testified in part that when he accepted the payments and notes from Henry, he (McCullen) did not intend to release John and Leo from their indebtedness; he would not have accepted the notes from Henry in satisfaction of the note made by John and Leo; he did not enter into any agreement with Henry whereby Henry’s notes would be accepted as payment of the note executed by John and Leo; and there was no agreement with Mr. Hanley to that effect; when each renewal note was made by Henry, the bank stamped the note of John and Leo “Renewed”; when a note is paid, the bank stamps it “Paid”; and he told Mr. Hanley how the payments were being made,
 
 *438
 
 and, on those occasions, he clipped and mailed coupons from the bonds to Mr. Hanley.
 

 Among other things, the court found that the defendants (bank and manager) did not agree to accept the notes executed by Henry Catalano in payment of or in satisfaction of the note executed by John and Leo Catalano.
 

 Appellant contends that the bank’s acceptance of Henry’s note discharged the debt of John and Leo, thereby relieving the guarantor (Hanley estate) from liability.
 

 “ It is well settled in this state that in the absence of an express agreement a new note of either the debtor or a third person does not extinguish the original indebtedness.”
 
 (Kane
 
 v.
 
 Eastman,
 
 110 Cal.App. 753, 757 [295 P. 63].) “It has been repeatedly held . . . that the acceptance of a note for a debt does not discharge the debt unless expressly agreed to be payment; that in such case the right of action on the debt is suspended until the maturity of the note given, and suit may be brought on the original debt in ease of the nonpayment of the accepted note.”
 
 (Pacific Nat. Agr. Credit Corp.
 
 v.
 
 Wilbur,
 
 2 Cal.2d 576, 585 [42 P.2d 314] ; see
 
 Bridge
 
 v.
 
 Connecticut Mut. Life Ins. Co.,
 
 167 Cal. 774, 780-781 [141 P. 375]
 
 ; Comptoir D’Escompte
 
 v.
 
 Dresbach, 78
 
 Cal. 15, 20 [20 P. 28]; and
 
 Welch
 
 v.
 
 Allington,
 
 23 Cal. 322, 322-323.) “‘ The law will not presume such an agreement (i.e., that the acceptance of a note will discharge the debt), and it must be proved by the party relying upon it.’ ”
 
 (McArthur
 
 v.
 
 Wellman,
 
 20 Cal.App.2d 379, 381 [66 P.2d 1226], quoting from
 
 Bridge
 
 v.
 
 Connecticut Mut. Life Ins. Co., supra,
 
 and from
 
 Welch
 
 v.
 
 Allington, supra.)
 
 “Nor is the fact that the original note was surrendered sufficient alone to establish such an agreement.”
 
 (Kane
 
 v.
 
 Eastman, supra,
 
 p. 757;
 
 Bridge
 
 v.
 
 Connecticut Mut. Life Ins. Co., supra,
 
 p. 781.)
 

 In the present ease, the court found that the bank “did not agree to accept the notes executed by Henry Catalano in payment of or in satisfaction of the note executed by John and Leo Catalano,” and there is substantial evidence to support that finding. In the absence of such agreement, the bank’s acceptance of Henry’s note operated as an extension of the time for payment of the note executed by John and Leo (see
 
 Welch
 
 v.
 
 Allington, supra,
 
 pp. 322-323), and the acceptance of Henry’s note, in the circumstances, did not discharge the antecedent debt of John and Leo
 
 (Pacific Nat. Agr. Credit Corp.
 
 v.
 
 Wilbur, supra; Bridge
 
 v.
 
 Connecticut Mut. Life Ins. Co., supra; Welch
 
 v.
 
 Allington, supra; McArthur
 
 v.
 
 Wellman, supra; Kane
 
 v.
 
 Eastman, supra.)
 
 Since the debt of John and
 
 *439
 
 Leo remained in existence, the guarantor remained liable therefor, and the bank was entitled to possession of the bonds pledged as security for the guaranty.
 

 The judgment is affirmed.
 

 Fourt, J., and Lillie, J., concurred.
 

 A petition for a rehearing was denied November 14, 1967, and appellant’s petition for a hearing by the Supreme Court was denied December 20,1967.