AMERICAN BANK OF ST. PAUL, Respondent,

v.

COATING SPECIALTIES, INC., et al., Defendants,

and

Co-op Credit Union of Montevideo, Appellant,

v.

Coating Specialties, Inc., et al., Defendants.

No. A09–2059.

Court of Appeals of Minnesota.

Aug. 10, 2010.

Samuel J. H. Sigelman, Kirstin D. Kanski, Lindquist & Vennum P.L.L.P., Minneapolis, MN, for respondent.

Douglas D. Kluver, Nelson Oyen Torvik P.L.L.P., Montevideo, MN, for appellant.

Considered and decided by TOUSSAINT, Chief Judge; LANSING, Judge; and SHUMAKER, Judge.

## OPINION

TOUSSAINT, Chief Judge.

Appellant Co-op Credit Union of Montevideo (the credit union) challenges the summary judgment for $50,000 granted to respondent American Bank of St. Paul (the bank) on the basis of the parties' subordination agreement. Because we conclude that the district court did not erroneously apply the law in granting summary judgment or in denying the credit union's motion for reconsideration, we affirm.

## FACTS

The bank issued two $25,000 short-term loans, or promissory notes, to Coating Specialties, Inc. (CSI). The security agreements executed with the notes defined "note" as "the Note executed by [CSI] in the principal amount of $25,000 ... together with all renewals of, extensions of, modifications of, refinancings of, consolidations of, and substitutions for the note or credit agreement." About one month later, the two $25,000 loans were rolled into a single $100,000 line of credit.

The credit union, which held a first-priority security interest in CSI's assets, drafted and executed a subordination agreement stating that:

> [The bank] has agreed to Loan $50,000.00 to [CSI] for the following purposes: operating expenses[.]
>
> ... [The credit union] hereby (1) consents for [CSI] to obtain said loan from [the bank] for such purposes and (2) agrees to and hereby subordinates in favor of [the bank] and its successors and assigns all liens, security interests, rights, claims, and demands of every kind against the property of the premises specifically described as:
>
> Inventory, accounts receivable, and equipment.

When CSI defaulted on its repayment obligation, the bank accelerated payment. The bank then brought a lawsuit against CSI; it resulted in a judgment of $76,851.93 for the bank. The bank then filed a cross-claim against the credit union to enforce the subordination agreement against the $66,790.25 that the credit union had received as gross proceeds from the sale of CSI's inventory and equipment that the credit union had seized.

The district court concluded that the subordination agreement was unambiguous, that the subordination agreement applied to CSI's current indebtedness to the bank, that the subordination agreement could not be altered by alleged oral statements, and, on the credit union's motion for reconsideration, that the credit union's net proceeds from the sale, $54,028.34, exceeded the subordination amount, and the district court granted summary judgment for $50,000 to the bank on its cross-claim against CSI. The district court denied the credit union's motion for reconsideration on the issue of tracing the proceeds back to the sale of the collateral, which had been argued for the first time in the motion.

The credit union challenges the summary judgment and the partial denial of its motion for reconsideration.

## ISSUES

I. Did the district court err in concluding that the subordination agreement was unambiguous and applied to the line of credit?

II. Did the district court err in denying reconsideration on the issue of tracing proceeds back to the sale of the collateral?

## ANALYSIS

### I.

On appeal from summary judgment, we review the record to "determine whether

there are any genuine issues of material fact and whether a party is entitled to judgment as a matter of law." *In re Collier*, 726 N.W.2d 799, 803 (Minn.2007). A genuine issue of material fact exists if the evidence would "permit reasonable persons to draw different conclusions." *Gradjelick v. Hance*, 646 N.W.2d 225, 231 (Minn. 2002). We view the evidence in the record "in the light most favorable to the party against whom judgment was granted." *Fabio v. Bellomo*, 504 N.W.2d 758, 761 (Minn.1993).

■ "The construction and effect of a contract presents a question of law, unless an ambiguity exists." *Brookfield Trade Ctr., Inc. v. County of Ramsey*, 584 N.W.2d 390, 394 (Minn.1998). Whether a contract is ambiguous is a legal determination. *Blattner v. Forster*, 322 N.W.2d 319, 321 (Minn.1982). A contract is ambiguous if its terms are reasonably susceptible to more than one interpretation. *Id.* Unambiguous language must be accorded its plain and ordinary meaning. *SCSC Corp. v. Allied Mut. Ins. Co.*, 536 N.W.2d 305, 311 (Minn.1995).

■ The credit union argues that the subordination agreement did not apply after the two $25,000 notes were consolidated into the $100,000 line of credit because the agreement included neither any identification of the notes to which it applied nor an expiration date. The credit union goes on to argue that the agreement was ambiguous and that extrinsic evidence, showing the agreement was intended to apply only to the two $25,000 notes and to expire no later than the due date of the second note, is admissible.

■ But a party that fails to include a term in a contract is bound by the agreement and cannot use extrinsic evidence to alter unambiguous contract language. *Dyrdal v. Golden Nuggets, Inc.*, 672 N.W.2d 578, 586–87 (Minn.App.2003). Although the subordination agreement included no terms specifying either the loans or an expiration date, it was a complete agreement. When a written agreement is complete on its face, it is impermissible to use extrinsic evidence to add a term to the agreement when "the writing contains nothing on the particular [term] to which the [extrinsic] evidence is directed." *United Artists Commc'ns, Inc. v. Corporate Prop. Investors*, 410 N.W.2d 39, 42–43 (Minn.App.1987).

■ Both security agreements defined "note" to include "all renewals of, extensions of, modifications of, refinancings of, consolidations of, and substitutions for the note or credit agreement." The credit union argues that it should not be bound by this language because it was not a party to the promissory notes issued by the bank to CSI. We disagree. "[T]he execution of a renewal note evidences a new promise to pay the same debt. It does not constitute discharge of the original note; it merely extends the time for payment." *Stewart v. Stewart*, 400 N.W.2d 157, 159 (Minn.App. 1987); *see also Renewal Note as Discharging Original Obligation or Indebtedness*, 52 A.L.R. 1416 (stating that "[w]here collateral security has been pledged for the payment of a debt, it is not released by the acceptance of a new note") (citing *Anglo–California Trust Co. v. Wallace*, 58 Cal. App. 625, 209 P. 78 (1922)). Accordingly, because the credit union drafted the subordination agreement without specifying either the loans to which it applied or an expiration date, the district court properly concluded that the subordination agreement was unambiguous and applied to the $100,000 line of credit.

The credit union also argues that the subordination agreement is ambiguous because it does not state the amount to which the credit union agreed to subordinate its

interest in CSI's assets. But the agreement specifically refers to the $50,000 loan, then states that the credit union "consents for [CSI] to obtain said loan from [the bank] for such purposes and ... agrees to and hereby subordinates in favor of [the bank]." When read as a whole, the only reasonable interpretation of the subordination agreement is that the credit union agreed to subordinate its interest in the amount of $50,000. The district court did not err in declining to consider extrinsic evidence on this issue. *See Johnson Bros. Corp. v. Rapidan Redevelopment Ltd. P'ship,* 423 N.W.2d 725, 729 (Minn.App. 1988) (affirming summary judgment when contract, read as whole, supported district court's interpretation of contract).

## II.

■ "Motions to reconsider are prohibited except by express permission of the court, which will be granted only upon a showing of compelling circumstances." Minn. R. Gen. Pract. 115.11. Motions for reconsideration are not opportunities to present facts that were available when the prior motion was considered and will not be allowed to supplement the record on appeal. Minn. R. Gen. Pract. 115.11 (1997) advisory comm. cmt; *see also Sullivan v. Spot Weld, Inc.,* 560 N.W.2d 712, 716 (Minn.App.1997) (noting that district court record cannot be supplemented by new evidence after court grants summary judgment), *review denied* (Minn. Apr. 24, 1997).

The district court denied reconsideration on the issue of tracing proceeds back to the sale of collateral. The credit union concedes that it raised the issue of tracing proceeds for the first time after entry of the initial summary judgment order. The district court, therefore, properly denied reconsideration on that issue.

## DECISION

The district court properly granted summary judgment for the bank and denied reconsideration on the tracing issue.

**Affirmed.**