THE PACIFIC BANK, Respondent, *v.* DAVID MICHAELSON, Appellant, Impleaded with ROSE MICHAELSON, Defendant.

First Department, March 19, 1926.

**Bills and notes — action by payee on note — appellant, officer of corporation in bankruptcy, was one of two indorsers on note of corporation — plaintiff signed composition agreement upon receiving notes from each indorser for one-half of balance, indorsed by wife of each original indorser — notes provided for installment payments — note in suit was not void — dividing liability and providing for installment payments was good consideration.**

The promissory note to recover the face of which this action is brought by the payee is not void on the ground that it was executed in fraud of the creditors of a corporation, since it appears that, while the appellant and another were indorsers on a corporation note and the corporation went into bankruptcy and the plaintiff signed a composition agreement on condition that the appellant and the other indorser on the corporation note execute individual notes

to the plaintiff, one of which is in suit, each for one-half of the amount of the balance due from the corporation, and that said notes be indorsed or signed by the wives of the original indorsers, the note in suit was not given in settlement of the corporation debt but to satisfy the liability of the indorsers. The division of the liability between the appellant and the other indorser on the corporation note, who were jointly liable thereon, and the agreement to accept installment payments, constitute a good and valid consideration for the new note in suit.

APPEAL by the defendant, David Michaelson, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 26th day of June, 1925, striking out the answer of said defendant and granting summary judgment to the plaintiff, and also from a judgment entered in said clerk's office on the 8th day of July, 1925, pursuant to said order.

*Geis & Forman* [*Herman B. Forman* of counsel], for the appellant.

*Blumenstiel & Blumenstiel* [*Ralph K. Jacobs* of counsel], for the respondent.

DOWLING, J. This action is brought upon a promissory note made by defendants to the order of plaintiff, in the following form:

" $3450.                    NEW YORK, *December* 28, 1922.

" On the dates hereinafter mentioned we promise to pay to the order of the

PACIFIC BANK

Three Thousand Four Hundred Fifty and 00/100 Dollars with interest at Pacific Bank, Madison Ave., and 28th Street, in the following installments:

" June 28th, 1923. $250.00 with interest, and the balance in installments of $125.00 with interest due, quarterly annually thereafter, until the whole amount of $3,450 and interest is paid. If any installment is not paid when due, then all the remaining installments become immediately due and payable, and the Pacific Bank may proceed with the collection of the indebtedness owing at the time of the default. With interest, with the same force and effect as if the whole amount still owing was due at the time of such default.

" Value Received.

                    " (Sdg.) DAVID MICHAELSON
                          " ROSE MICHAELSON
                                    " 1484 Eastern Parkway."

The defendant Rose Michaelson was personally served and defaulted and judgment has been entered against her for the full amount. The defendant David Michaelson interposed an answer

admitting all of the allegations of the complaint, except demand for payment. He sets up as an affirmative defense the following facts:

The Thomas Shoe Company, a domestic corporation, was largely indebted to creditors, among whom was this plaintiff. It became insolvent and on the 3d day of November, 1922, a petition in voluntary bankruptcy was filed against it. The matter was referred to a referee and on the twenty-sixth day of December the bankrupt offered a settlement of twenty per cent payable in cash. On December 29, 1922, the majority of creditors, including the plaintiff, accepted the offer. The composition was confirmed and the Thomas Shoe Company paid the amount in cash.

The answer alleges that the plaintiff refused to sign the composition unless it received additional notes for the payment of its claim and unless it received the balance in the form of two promissory notes, each for $3,450 to be signed by the officers of the bankrupt corporation and their respective wives individually, one of which notes is the subject of the action.

It is averred that thereby the plaintiff, the corporation, and the defendant David Michaelson entered into a fraudulent agreement which was concealed from the other creditors; that the note so made was a fraud upon the creditors and that the said note was without any consideration. Upon this answer plaintiff moved for summary judgment under rule 113 of the Rules of Civil Practice.

The moving affidavit of John S. Hamilton, vice-president of the plaintiff, alleges that the facts relating to the execution of the note in suit are as follows:

The Thomas Shoe Company, on October 31, 1922, executed its note to the plaintiff in the sum of $10,000 due November 8, 1922. M. Aronowitz and the defendant David Michaelson were the principal officers of this corporation, and indorsed it individually for the purpose of lending credit to it. On November 8, 1922, the note became due and was unpaid and notice of protest was given to the indorsers.

On December 28, 1922, the indorsers requested the plaintiff to sign a composition agreement which it refused to do, unless it secured some evidence of the request by the indorsers.

The indorsers requested, not alone that the plaintiff sign the composition agreement and take twenty per cent of the claim, but asked for further consideration, to wit, that the full liability of $10,000 of each be divided so that each become liable for only one-half of the amount, and they requested a further forbearance to the following extent — that each be obliged to pay their share of the balance in installments, the first of which was to become due six

months from that day, that is, $250 on June 28, 1923, and the balance due in quarterly installments of $125 each until paid.

Plaintiff refused to sign the composition agreement, divide the liability or extend the period of payment unless it secured an additional signature. Aronowitz and Michaelson each secured his wife's signature and new notes, one of which, the subject of this action, was executed by the defendants here. Plaintiff thereupon signed the composition agreement.

The replying affidavit denies that part of the affidavit of John S. Hamilton which alleges that the division of the liability was at the request of Aronowitz and Michaelson and alleges that the suggestion was made by Mr. Hamilton.

The appellant contends that the question is, was the note in suit rendered void when the signature of Rose Michaelson, a stranger to the previous indebtedness, was secretly procured and exacted as a consideration for the plaintiff's entering into a composition agreement?

The defendant Rose Michaelson, however, though she makes an affidavit that she received no consideration for signing the note, defaulted in the action and judgment has been entered against her.

Defendant David Michaelson was not released as indorser upon the original obligation of the Thomas Shoe Company, even though the latter were discharged in bankruptcy, and even though a composition with the principal debtor had been assented to. (Bankruptcy Act [30 U. S. Stat. at Large, 550], § 16; *Easton Furniture Mfg. Co.* v. *Caminez*, 146 App. Div. 436; *Matter of American Paper Company*, 255 Fed. 121.)

This was not a new note given to replace the old note nor new security given to secure the exact balance remaining due to plaintiff from defendant David Michaelson as indorser of the original note, after allowing for the amount received under the composition agreement. Michaelson's own affidavit shows that the amount for which he and M. Aronowitz were liable as indorsers on the $10,000 note was $6,900. For this amount both of them were jointly and severally liable. Instead of forcing payment of this sum from either, the bank agreed to accept notes for $3,450 from each, to be indorsed by a third party and to be paid in installments, the first of $250 to be paid in six months thereafter, the remainder in quarterly payments of $125.

Thus an entirely new and changed status of the relationship between the parties arose. Instead of Michaelson being liable for $10,000 at once, he became liable only for $3,450, in long deferred installments. There was a new and valuable consideration for this new note, quite independent of any connection with the composition

made between the Thomas Shoe Company and its creditors, and the giving of the note constituted no fraud upon the other creditors of the shoe company.

The order and judgment appealed from should be affirmed, with costs to respondent.

CLARKE, P. J., FINCH, McAVOY and MARTIN, JJ., concur.

Judgment and order affirmed, with costs.