[Civ. No. 1515.   Fourth Appellate District.—November 27, 1934.]

THE FIRST NATIONAL BANK OF SANTA ANA (a National Banking Association), Respondent, v. LENORA E. KINSLOW, Appellant.

Arthur E. Koepsel for Appellant.

Forgy, Reinhaus & Forgy and R. M. Crookshank for Respondent.

BARNARD, P. J.—The respondent brought this action to collect the unpaid portions of three promissory notes, the face amounts of which were $5,500, $900 and $475, respectively. The first of these, dated December 22, 1931, was signed by the appellant and her husband and by her son and his wife. It appears that this note was given and accepted by the respondent as a renewal of three prior notes which had been signed by the appellant's husband and by the same son and his wife, the three prior notes having then been returned to the son. The second note was for $900, was dated May 23, 1933, was signed by the appellant alone, and was given to and accepted by the respondent as a renewal and in lieu of a note dated February 17, 1933, which was signed by the appellant's husband alone. The appellant's husband died on April 14, 1933, and when this second note was given, the husband's note of February 17, 1933, was marked paid and delivered to the appellant. The $475 note was dated October 11, 1933, and was signed by the appellant alone. It was given in renewal of a note for the same amount which was signed by the appellant and given to the respondent on May 17, 1933, the latter note having been, in turn, given as a renewal or in lieu of a note dated January 7, 1933, which was signed by the appellant's husband alone. The last-mentioned note was marked paid and given to the appellant at the time of the first renewal referred to.

From a judgment in favor of the respondent this appeal is taken, the main contention of appellant being that no consideration appears since the notes sued on were all given as renewals of notes previously signed by others and since the appellant received no money or property at the time of signing the same, and that findings to the effect that a consideration existed are without support in the evidence.

With respect to the first note for $5,500, the pre-existing debt and the extension of time which is disclosed by the terms of that note and the notes of which it was a renewal, all of which appear in the record, show a sufficient consideration (*Bridge* v. *Ruggles,* 202 Cal. 326 [260 Pac. 553]; *Westphal* v. *Nevills,* 92 Cal. 545 [28 Pac. 678]; *Mahana* v. *Van Alstyne,* 179 Cal. 725 [178 Pac. 853]). The appellant was an accommodation maker and, as between her-

self and the payee, she will be held as a principal even if the payee knew that she was, in fact, only a surety as between herself and the other makers (Civ. Code, sec. 3110; *California Nat. Bank* v. *Ginty,* 108 Cal. 148 [41 Pac. 38]).

The appellant contends that the facts with relation to the $5,500 note bring that part of this case within an exception to the general rule, and that under the authority of *Williams* v. *Hasshagen,* 166 Cal. 386 [137 Pac. 9], it must be here held that there was no consideration for that note. In that case, the defendant was induced to execute a note in favor of a bank and it was found that the note was procured by fraud and also that the cancellation of certain pre-existing notes did not amount to a consideration since the evidence established the fact that the defendant did not know that such notes had ever existed. In the case now before us, the appellant signed the note in question as an accommodation maker and she herself testified as follows: ''My husband told me he had a note there he wanted me to sign for Henry, that is my son H. M., and, of course, my husband, whatever he told me to do, I thought was all right, and I done it, I signed the note . . . I knew it was for him.'' The facts in the two cases differ materially and the case relied upon is not controlling as an authority here.

The second and third notes sued on were signed by the appellant after the death of her husband for the purpose of renewing similar notes executed by her husband prior to his death. Not only does the evidence show a novation, as held by the trial court, but a sufficient consideration appears in the prejudice suffered by the respondent in surrendering the prior notes and in refraining from taking action thereon (Civ. Code, sec. 1605):

It may be further observed that the appellant's attack upon the consideration of all these notes comes with poor grace since the record discloses that on the objection of her counsel the court refused to permit the respondent to prove that her husband secured these loans from the respondent through a statement, setting forth that he held title to certain valuable real property, that during his lifetime he deeded this property to the appellant, and that upon his death she recorded that deed. The additional evidence offered would have further shown that the respondent

suffered a real prejudice in surrendering the prior notes (*Whelan* v. *Swain*, 132 Cal. 389 [64 Pac. 560]), and an appellant should not be heard to object that evidence of consideration is lacking when his attorneys are responsible for its omission (*Ralph* v. *Anderson*, 187 Cal. 45 [200 Pac. 940]).

The only other point raised is that the court erred in refusing to permit the appellant to show that the respondent had filed a claim, based upon the first note sued on, in a bankruptcy proceeding involving H. M. Kinslow, the appellant's son, who was one of the makers of that note. In our opinion, this attempt to collect something from one of the other makers of the note did not relieve the appellant from liability for the unpaid balance (sec. 16 (a) of the Bankruptcy Act; *Dundee National Bank* v. *Strowbridge*, 184 N. Y. Supp. 257; *Pacific Bank* v. *Michaelson*, 216 App. Div. 120 [214 N. Y. Supp. 715]; *In re American Paper Co.*, 255 Fed. 121).

For the reasons given the judgment is affirmed.

Marks, J., and Jennings, J., concurred.