[L. A. No. 16269. In Bank.—September 29, 1937.]

SELIG CAHN, INC. (a Corporation), Respondent, v. CALIFORNIA WRECKING COMPANY (a Corporation), Appellant.

618

Harry J. Miller for Appellant.

Samuel A. Rosenthal and Charles Murstein for Respondent.

EDMONDS, J.—The respondent in this action recovered a judgment upon two promissory notes made by the appellant. As a defense to the action the appellant asserts that these notes were paid by two others later given by it. The principal question presented by the appeal is whether there is evidence to support the findings of the trial court to the contrary.

In 1934, Selig Cahn and his son Julian Cahn were president and vice-president respectively and also directors of the appellant corporation. Selig Cahn had full charge of all of its finances and accounts. On July 15, 1934, the corporation executed and delivered to one M. B. Cohn a promissory note for the principal sum of $2,000. The following month it gave another note to the same payee for the principal sum of $1500. These two notes were later transferred to Selig Cahn, and, after maturity, to the plaintiff corporation.

The facts concerning the issuance and delivery of the notes are not disputed. The evidence also shows that on May 1, 1935, the appellant executed and delivered. to Selig Cahn, the then owner and holder of them, two other notes, one for $3,500 representing the principal thereof, and another for $158.75 representing accrued interest. It is contended by the appellant that the evidence shows that these notes were accepted by Selig Cahn in full payment of the notes made in

1934 and that the respondent is not entitled to recover upon them.

The general rule is that the giving of a new note as a renewal of one outstanding does not amount to payment; the presumption is that the renewal note was not taken by the payee in payment. (*Bridge* v. *Connecticut Mut. Life Ins. Co.,* 167 Cal. 774 [141 Pac. 375] ; *Sather Banking Co.* v. *Briggs,* 138 Cal. 724, 733 [72 Pac. 352] ; *Kane* v. *Eastman,* 110 Cal. App. 753 [295 Pac. 63].) An express agreement to the effect that the execution of a promissory note satisfied the indebtedness evidenced by an earlier one must be shown by a maker who relies thereon. (*Comptoir D'Escompte* v. *Dresbach,* 78 Cal. 15 [20 Pac. 28].) In the absence of such an agreement the giving of a renewal note does not extinguish the debt but extends the time of its payment in accordance with the terms of the new note. (*Merchants Nat. Bank* v. *Bentel,* 166 Cal. 473 [137 Pac. 25] ; *Welch* v. *Allington,* 23 Cal. 322.) Even the fact that the creditor surrenders the note of the debtor at the time of receiving a new note from him has been held to be insufficient to require the conclusion that the renewal note was accepted in payment.

While there is evidence offered in behalf of the appellant which tends to show that the notes dated in 1935 were accepted by Mr. Cahn in payment of the two he then held, there is substantial evidence to support the finding of the trial court that no notes were made, executed or delivered in full or any satisfaction or payment of the notes first made by the appellant. It is significant in this connection that the original notes were never canceled or delivered to the appellant and that the later notes, which were kept in the office of the appellant, were destroyed by its secretary in January, 1936. The record also shows that after Selig Cahn received the new notes of the appellant, he transferred the two first made by the appellant, representing them to be valid and subsisting obligations.

The appellant complains that the trial court by an order made without authority compelled it to produce certain of its books and records upon the trial. The remedy of the appellant, if it wished to resist the order, was by appropriate proceedings for that purpose. It could not comply with the order and then object to the introduction of the records which it produced upon the ground that the order was im-

proper. (*People* v. *Mayen,* 188 Cal. 237 [205 Pac. 435, 24 A. L. R. 1383].) Also, without these records, which the appellant claims were admitted without proper authentication, there is abundant evidence to support the findings and judgment.

The judgment is affirmed.

Curtis, J., Langdon, J., Shenk, J., Seawell, J., and Waste, C. J., concurred.