[Civ. No. 12184. Second Appellate District, Division Two.—May 2, 1939.]

LAURA A. PETTIGREW et al., Respondents, v. JAMES F. O'DONNELL, Appellant.

Thomas P. Menzies, M. W. Phelan and William C. Coffill for Appellant.

Murchison & Clopton for Respondents.

CRAIL, P. J.—This is an appeal from an order granting a motion for a new trial in an automobile collision case. The new trial was granted on the ground of error in instructions. Defendant contends there was no such error.

■ We approach this case bearing in mind the rule which governs this court when such a question is presented to it and which may be stated as follows: "The granting or denial of a new trial is a matter resting so largely in the discretion of a trial court that it will not be disturbed except upon a manifest and unmistakable abuse. It is especially so when such discretion is used in awarding a new trial which does not finally dispose of the matter." (2 Cal. Jur. 905.)

■ The trial court gave to the jury the following erroneous instruction: "Where two vehicles enter an intersection of public highways at the same time, the vehicle approaching from the right shall have the right of way provided such vehicle is traveling at a lawful rate of speed, and you are instructed that if James F. O'Donnell and the deceased, Thomas L. Pettigrew, *approached* the intersection of Fries avenue and F street at the same time, and James F. O'Donnell was driving at a lawful rate of speed, the defendant James F. O'Donnell had the right of way over the deceased, Thomas L. Pettigrew, approaching from the left, and it was the duty of deceased to yield the right of way."

In 1929 section 131 of the California Vehicle Act was amended, and the rule now to be found in section 550 (b) of the Vehicle Code was adopted: "Right of Way. (a). Vehicles Approaching an Intersection. The driver of a vehicle approaching an intersection shall yield the right of way to a vehicle which has entered the intersection. When two vehicles *enter* an intersection at the same time, the driver of the vehicle on the left shall yield to the driver on the right."

It may be that the jury was misled by the instruction which the trial court gave and that a miscarriage of justice resulted from the giving of said instruction. The trial court was in a better position to determine that matter than we on appeal. The trial court believed that there had been a miscarriage of justice and made its order accordingly, and so long as the case presents an instance showing a reasonable or even fairly debatable justification for the order, such action will not be set aside on appeal. There were other alleged errors which we need not discuss.

Order affirmed.

Wood, J., and McComb, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on May 22, 1939, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 30, 1939.