[Civ. No. 12083. First Dist., Div. Two. Sept. 11, 1942.]

JAMES S. THOMPSON, Respondent, v. PIONEER LAUNDRY COMPANY (a Corporation) et al., Appellants.

Weinmann, Quayle & Berry for Appellants.

Milo Ayer and Pierce & Sherwin for Respondent.

NOURSE, P. J.—The plaintiff, who was riding as a guest in a truck operated by cross-defendant Gruber, was injured when the Gruber car collided with a laundry delivery truck operated by the defendant Kennedy in behalf of his employer the Pioneer Laundry Company. The latter filed a cross-complaint against Gruber for damages for injury to the laundry truck. In a trial of the cause to a jury the defendants had a verdict against the plaintiff, and the cross-complainant had a verdict against Gruber covering the property damage. The trial court granted plaintiff's motion for a new trial on the grounds of insufficiency of the evidence. No ruling was made on Gruber's motion for a new trial, and it may be deemed denied under section 660 of the Code of Civil Procedure.

There is no substantial conflict in the evidence. Defendant Kennedy was operating the laundry truck westerly on East 14th Street in the city of Oakland. He stopped near the northerly curb at the intersection with 73rd Avenue in response to a red traffic signal. To his left, or south, in the inner traffic lanes, two other cars stopped at about the same time. When the signal turned green Kennedy started quickly, making a left hand turn in a wide arc, passing in front of the two cars in the inner lanes. The drivers of these two cars saw the movement and stopped to let him pass. Kennedy completed the turn and crossed the two sets of street car tracks in the middle of East 14th Street when he observed Gruber traveling easterly along East 14th Street and about fifteen feet westerly of the intersection. He applied his brakes, but the left front fender and bumper of the Gruber truck collided with the right front fender of the laundry truck at a point

about eleven feet easterly from the southwest curb of the intersection. The impact of the collision caused the laundry truck to be pushed out of its course of progress so that when the cars came to a full stop the laundry truck was facing east.

We are unable to perceive in what respect this evidence is insufficient to support the verdict. The defendant Gruber testified that he saw the laundry truck stopped at the northeast corner of the intersection with two other cars stopped at the same line in the inner traffic lanes; he saw this laundry truck start with the signal, make the turn to the left, and saw the two other cars stopped to let him pass. He admitted knowledge that the laundry truck was preparing to make a left turn and hence knew that it would come directly across his path. The most reasonable inference that the jury could have drawn from all the evidence was that Gruber failed to exercise any care or to take any steps to avoid a collision, other than a feeble attempt to apply his brakes just before the impact.

But, when the trial court grants a new trial on the ground that the evidence is insufficient to sustain the verdict, that order may not be reversed on appeal, even though the record discloses ample evidence to support the verdict, unless the appellate court finds that the trial court has abused its discretion in granting the order. (20 Cal. Jur. 27.) The decisions do not state upon what basis this finding should rest, but the cases cited hold that the burden of showing an abuse of discretion is on the appellant.

We find no reversible error. The order is affirmed.

Sturtevant, J., concurred. Spence, J., concurred in the judgment.

Appellant's petition for a hearing by the Supreme Court was denied November 9, 1942. Carter, J., voted for a hearing.