[Civ. No. 14884. Second Dist., Div. One. Oct. 29, 1945.]

MARTHA T. ZIESEMER et al., Respondents, v. C. H. McCARTY et al., Appellants.

Reginald I. Bauder for Appellants.

Matot & Seelig and Tudor Gairdner for Respondents.

YORK, P. J.—Plaintiffs are the widow and mother, respectively, of Harry M. Ziesemer, who on February 1, 1943, while working in Los Angeles on Miranda Street, met his death in an accident involving a truck and trailer belonging to defendant McCarty, and which was being operated by defendant Lindsey in the course of his employment.

The truck was approximately 25 feet in length and the trailer was about 20 feet long and were joined by a pole or tongue 10 feet in length. Both the truck and trailer were loaded with lumber, that on the trailer being earmarked for the Miranda Street location, where houses were being erected by Harold L. Shaw, as owner, under the direction of decedent Ziesemer, as construction superintendent.

Miranda Street at the point in question is 27 feet wide, on each side of which is a sloping shoulder or apron about four feet in width. The elevation of the shoulders from the street to the adjoining lots is about one foot, or a grade of 25 per cent. The over-all length of the trailer (19 or 20 feet) and the truck (24 or 25 feet) plus the pole or tongue which connected them (10 or 12 feet) was approximately 55 feet, consequently it was necessary for the driver Lindsey to back the trailer over the shoulder on the north side of the street into a position where the lumber could be rolled off onto the vacant lot. By the use of a bar and rollers, "the lumber was rolled backwards off the trailer so that it tipped down onto the ground," whereupon the defendant Lindsey drove the whole mechanism ahead, and the lumber dropped to the ground from the trailer at a point about four feet north of the shoulder on the north side of Miranda Street. This movement left a space of three or four feet between the south end of the pile of lumber and the rear end of the trailer, so that said rear end was about even with the shoulder. With the trailer in the position described, the rear wheels of the truck were on the shoulder on the south side of the street with the front wheels on the soft ground of the vacant lot, said truck standing at an angle to the southwest. After Mr. Ziesemer checked the lumber and signed a delivery slip therefor, defendant Lindsey got into the cab, released the brakes, and the ten-ton truck loaded with lumber, instead of moving forward, gradually rolled back. This movement of the loaded truck pushed the empty trailer into the pile of lumber, crushing Mr. Ziesemer, who was caught between the lumber and the trailer, and resulting in his death.

The jury brought in a verdict in favor of defendants whereupon plaintiffs moved for a new trial on all the statutory grounds except one. This appeal is prosecuted by defendants from the order granting said motion for a new trial which specified as grounds therefor: "Error in law consisting of the giving of defendants' requested instruction III as modified, and defendants' instructions IV and V."

The instructions referred to in said order are as follows:

"There is a legal principle commonly referred to by the term 'assumption of risk', which I will now explain to you:

"One is said to assume a risk when he knows, or in the exercise of ordinary care should know, that a danger exists in either the conduct or condition of another, or in the condition, use or operation of property, and voluntarily places himself, or remains within the area of danger. The heirs of a deceased who thus assumes a risk are not entitled to recover for damage sustained which resulted from the dangerous condition or conduct to which deceased thus exposed himself.

"Your attention is called to a distinction between contributory negligence and assumption of risk. As is said elsewhere in these instructions, contributory negligence must contribute in some degree, as a proximate cause, to the happening of the accident. But assumption of risk, if it meets with the requirements of the law, as stated to you, will bar recovery by the heirs of a deceased who has so assumed such risk, although it plays no part in causing the accident, except merely to expose the deceased to the danger.

"In determining whether a person assented to, or assumed, a risk so as to bar recovery by his heirs for his death, you may consider the deceased's age, experience and capacity along with all the other surrounding circumstances as shown by the evidence."

Appellants here urge that under the facts presented by the evidence, the instructions on the question of assumption of risk were properly given, hence the court committed error in granting respondents' motion for a new trial.

"In granting a new trial on the ground of erroneous instructions, as upon other grounds, much is committed to the discretion of the trial court, and an abuse of such discretion must appear before the order will be set aside." (20 Cal.Jur. 140, §92, and authorities there cited.)

"The granting or denial of a new trial is a matter resting

so largely in the discretion of a trial court that it will not be disturbed except upon a manifest and unmistakable abuse. It is especially so when such discretion is used in awarding a new trial which does not finally dispose of the matter. (2 Cal.Jur. 905.)'' *Pettigrew* v. *O'Donnell,* 32 Cal.App.2d 502, 503 [90 P.2d 93].)

■ The doctrine of assumption of risk presupposes the existence of a dangerous situation or condition, known to the plaintiff, who nevertheless chooses to enter upon or to remain within the area of risk. (§ 893, Rest. Torts, p. 491, vol. 4.)

■ Under the facts presented by the evidence herein, there is nothing to indicate that decedent had any idea that a dangerous situation existed. Nor can it be said that a reasonable man would expect appellant Lindsey, when he left the premises, to do anything other than to move the empty trailer forward. However, with knowledge that decedent was somewhere in the vicinity of the recently delivered pile of lumber, said appellant permitted the equipment to roll back without taking the precaution to discover the then whereabouts of the decedent and without giving warning of his intention to move such equipment.

The trial court apparently doubted the applicability of the instructions given to the jury on the doctrine of assumption of risk to the facts disclosed by the evidence. As a result it is not within the province of an appellate court to declare that the trial court abused its discretion in granting respondents' motion for a new trial upon the ground of error in the giving of such instructions.

For the reasons stated, the order appealed from is affirmed.

Doran, J., and White, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied December 20, 1945.