[Civ. No. 3398. Fourth Dist. June 17, 1946.]

IMPERIAL-YUMA PRODUCTION CREDIT ASSOCIATION (a Corporation), Respondent, v. E. S. SHIELDS et al., Appellants.

Leslie L. Burr for Appellants.

George R. Kirk for Respondent.

GRIFFIN, J.—On February 28, 1944, plaintiff instituted this action alleging that a promissory note in the sum of $6,281.12, payable August 8, 1940, was made and executed by defendants; that the sum of $2,858.64 had been paid thereon, and that there was a past due balance of $3,422.48 and interest from June 26, 1943; that defendant executed a crop and chattel mortgage as security therefor and that all the crops secured thereby were disposed of and no security for the payment of the note was available. Judgment was sought for the balance due.

Defendants answered, admitted the execution of the note, but denied that there was any balance due and owing. In a cross-complaint they alleged that the note was given as part of a "farming finance arrangement" based upon an "estimated advance budget system"; that it was the practice of plaintiff, under its arrangement, to take possession of crops grown by defendants, store and market them at plaintiff's pleasure and credit defendants on their note; that on one occasion plaintiff took 1,010 sacks of wheat, of an estimated value of $2,220, and sold them, but only credited defendants with $299.78; that defendants planted a crop of barley for pasture and that plaintiff failed to pasture the crop at the proper time but later pastured 120 acres and only credited defendants with $298.88 as income therefrom; that by the neglect of the plaintiff, defendants lost approximately $3,500 and were therefore entitled to an additional credit of $3,201.14; and that certain stock in plaintiff company, owned by defendants, was sold for $650 without crediting defendants' account therewith. Defendants and cross-complainants prayed that plaintiff take nothing and that they recover $3,470.24.

Plaintiff denied generally the allegations of the cross-complaint. After trial, the jury returned a verdict as follows: "We . . . find for the defendants and cross-complainants . . . in the sum of $2,033.78 over and above $3,422.48 claimed by plaintiff. . . ."

Judgment was entered accordingly. Plaintiff moved for a new trial on all the statutory grounds (including insufficiency of the evidence) which motion was granted.

Two points are involved on this appeal. █ Defendants argue first that plaintiff had no right to sue on the note in question since it had written on it: "This note is executed, delivered and accepted, not in payment of, but for the purpose of renewing the following described note: Note for $7,118.00 dated August 9, 1938." The renewal note sued upon was offered in evidence. Defendants' counsel objected "because it is not the instrument the suit was brought on." As we construe the contention, it is now argued that since the note sued upon is a renewal note, it only extended the time of payment and therefore plaintiff was obliged to sue upon the original note which was the "real obligation" i. e. "the debt." Counsel for defendants frankly admits that he has "searched diligently for some authority directly in point" supporting his argument but that "the search has been without avail."

*Bridge* v. *Connecticut Mutual Life Ins. Co.,* 167 Cal. 774 [141 P. 375]; *McArthur* v. *Wellman,* 20 Cal.App.2d 379 [66 P.2d 1226]; and *Selig Cahn, Inc.* v. *California Wrecking Co.,* 9 Cal.2d 617 [71 P.2d 1113], are cited as supporting the general proposition that a note given in consideration of an antecedent indebtedness does not *per se* discharge the debt but suspends the creditor's right to recover until the maturity of the note. Plaintiff does not quarrel with these citations but points out that the McArthur case, *supra,* supports plaintiff's contention. That was an action predicated upon and directly involving a *renewal note.* (See, also, *First National Bank* v. *Kinslow,* 2 Cal.App.2d 456 [38 P.2d 163].) We see no merit to defendants' argument. The court committed no prejudicial error in overruling defendants' objection to the admission of the renewal note in evidence.

█ The argument that the trial court erred in granting a new trial is likewise untenable. It was argued, on the motion for a new trial, that the jury, by its verdict, intended to give defendants, on their cross-complaint, $2,033.78 over and above $3,422.48, or a total of $5,456.26. They now ask that

this court instruct the trial court to enter judgment for that amount and that since the evidence in support of the cross-complaint is "in effect uncontradicted and unopposed," the trial court had no discretion and was therefore obligated to deny the motion for new trial on the ground of insufficiency of the evidence.

The law in this respect has been stated and restated on many occasions. In an early case, *Green* v. *Soule,* 145 Cal. 96, at page 102 [78 P. 337], it is said:

"We frequently have cause to believe that the judges of the superior court are too reluctant to exercise their power of granting a new trial for insufficiency of the evidence, and too much inclined to acquiesce in a verdict of the jury which does not meet with their own approval. There is a clear and obvious distinction between the duty of a trial court and the duty of an appellate court with respect to the decision of such questions, and it is well established by the decisions of this court. The trial court cannot rest upon a conflict in the evidence, but must weigh and consider the evidence for both parties, and determine for itself the just conclusion to be drawn from it. 'Where the decision is against the weight of the evidence it is the duty of that court to grant a new trial.' . . . 'If the judge is not satisfied with the verdict, and is convinced that it is clearly against the weight of the evidence, it is his duty to set it aside, even though there may have been some conflict in the testimony. He has had the same opportunity as the jury to observe the manner of the witnesses, and to decide upon their credibility, and it is his duty to see that the verdict is not clearly against the weight of the evidence. He must exercise a wholesome and discreet supervision over the jury in this respect.' " (See, also, *Brush* v. *Pacific Electric Ry. Co.,* 58 Cal.App. 501, 507 [208 P. 997]; *Whitfield* v. *DeBrincat,* 35 Cal.App.2d 476 [96 P.2d 156].)

The granting of a new trial on the ground of insufficiency of the evidence will not be disturbed except on a manifest and unmistakable abuse of discretion by the trial court. (*Pettigrew* v. *O'Donnell,* 32 Cal.App.2d 502 [90 P.2d 93].)

The evidence given by defendants as to the returns from wheat crops and the claimed pasture damage was based upon their oral testimony. Plaintiff offered in evidence certain written documents which clearly indicate that defendants' oral testimony was not supported and that no definite arrangements for pasturing had been made. The evidence shows that

defendants were given credit for $610 for the sale of their stock and that defendants authorized its sale.

The trial judge heard the evidence and had ample opportunity to judge as to the demeanor, manner and credibility of the witnesses, and if he was dissatisfied with the verdict and was of the opinion that it was clearly against the weight of the evidence, he was authorized to set it aside and grant a new trial. (*Hunt* v. *Pacific Electric Ry. Co.*, 51 Cal.App.2d 11 [124 P.2d 89].) As the order granting a new trial on that ground must be sustained, it becomes unnecessary to consider the merits of the other grounds which plaintiff contends support the order.

Order granting a new trial affirmed.

Barnard, P. J., concurred.

A petition for a rehearing was denied July 10, 1946, and appellants' petition for a hearing by the Supreme Court was denied August 15, 1946.