[Civ. No. 15348.   Second Dist., Div. Three.   Aug. 14, 1947.]

THOMAS E. SMITH et al., Respondents, v. WARD TRANS-
PORTATION COMPANY (a Copartnership) et al., Ap-
pellants.

C. F. Jorz for Appellants.

Winthrop O. Gordon for Respondents.

KINCAID, J. pro tem.—Plaintiffs, husband and wife, in-
stituted this action to recover damages for personal injuries
sustained by them on August 12, 1944, as a result of a colli-
sion occurring between an automobile driven by her and a
truck owned and operated by defendant partnership and
driven by their employee, defendant Liles. Following a verdict
and judgment in favor of defendants a new trial was granted

upon the grounds of insufficiency of the evidence to sustain the verdict and misconduct of counsel for defendants prejudicial to plaintiffs which prevented them from having a fair trial. The appeal is taken from that order.

The accident occurred on Firestone Boulevard (Alternate U. S. Highway 101) at a point about 800 feet east of Center Street in Los Angeles County, at about 11:30 p. m. The weather and visibility were good and the highway dry. At the place of collision the highway was divided into three lanes, marked with white lines, each lane being some 12 feet in width. The plaintiffs' car had entered the highway at Center Street, turning right and proceeding in an easterly direction to the point of impact. The defendants' truck, with a trailer attached, was loaded with approximately 14 tons of loose oranges and was proceeding in a westerly direction.

The evidence is sharply conflicting as to the point of impact and whether the automobile and truck left their respective right-hand lanes to progress into or over the center lane, thus causing the collision.

"An order granting a new trial upon the ground of the insufficiency of the evidence to sustain the judgment will not be disturbed upon appeal, unless there be a clear showing of abuse of discretion. 'All presumptions are in favor of the order and it will be affirmed if it is sustainable on any ground. (*Mazzotta* v. *Los Angeles Ry. Corp.*, 25 Cal.2d 165, 169 [153 P.2d 338], and cases cited.) The trial court in considering a motion for new trial is not bound by a conflict in the evidence, and has not abused its discretion when there is any evidence which would support a judgment in favor of the moving party.' (*Ballard* v. *Pacific Greyhound Lines*, ante, p. 357 [170 P.2d 465].) Even if the evidence is uncontradicted, the trial judge may draw inferences from it contrary to those made by the jury, and it is his duty to resolve such conflicts in determining whether the issues should be retried. Only when, as a matter of law, there is no substantial evidence to support a contrary judgment, may an appellate court reverse an order granting a new trial. (*Brooks* v. *Metropolitan Life Ins. Co.*, 27 Cal.2d 305 [163 P.2d 689]; *Mazzotta* v. *Los Angeles Ry. Corp., supra.*)" (*Williams* v. *Field Transportation Co.*, 28 Cal.2d 696, 698 [171 P.2d 722]; see *Imperial-Yuma etc. Credit Assn.* v. *Shields*, 74 Cal.App.2d 932 [169 P.2d 671]; *Hunt* v. *Pacific Electric Ry. Co.*, 51 Cal.App.2d 11 [124 P.2d 89].)

There is substantial evidence which would support a judgment in favor of the moving party. Plaintiff Thomas Smith, who was a passenger riding in the right front seat next to his wife, the driver, testified that plaintiffs' automobile at all times from the point of entry onto Firestone Boulevard to the place of impact was traveling in an easterly direction in the southerly or right-hand lane. He saw the two lights of the approaching vehicle and it was traveling in a westerly direction in the center or middle lane of the highway until, within a point about 100 feet away, they seemed to be getting very close and came right at plaintiffs; that the automobile never changed its direction until it was struck by the truck, on its left front and side. As evidence concerning the point of impact he further testified to observing, immediately after the accident, two areas of broken glass and dirt knocked off the car in the collision. One of these areas was in the southerly lane of the highway, the other about 15 feet distant in the center lane. The location of this glass and dirt, and that of plaintiffs' car as being in the southerly lane and defendants' truck as approaching in the middle lane, was corroborated by Elmer Gillespie, a passenger in plaintiff's automobile. Had a verdict and judgment been rendered in favor of plaintiffs it would have been supported by such evidence. Even though the record might disclose a preponderance of conflicting evidence, it is only where there is a manifest and unmistakable abuse of discretion by the trial court that the granting of a new trial on the ground of insufficiency of the evidence will be disturbed on appeal. It is the duty of the trial court to weigh and consider the evidence for both parties, even though conflicting, and determine for itself the just conclusion to be drawn from it. There being substantial evidence to support a contrary judgment the order granting the motion for new trial must be sustained. In view of this fact, it is unnecessary for us to consider the second ground on which the new trial order was based.

The order granting plaintiffs a new trial is affirmed.

Shinn, Acting P. J., and Wood, J., concurred.