[Civ. No. 3921.    Fourth Dist.    July 19, 1948.]

SOLON S. KIPP, Appellant, v. MAUDE S. WARRINER, as Executrix, etc., Respondent.

Solon S. Kipp, in pro. per., and W. E. Starke for Appellant.

James B. Abbey for Respondent.

BARNARD, P. J.—This is an ordinary quiet title action, each of the parties seeking to quiet his title to an unimproved lot in the city of San Diego. The plaintiff's claim of title rests upon a tax deed dated September 24, 1946, and based upon a tax delinquency for the year 1935. The defendant claims title through a treasurer's deed dated April 19, 1944, and based upon the foreclosure of a street bond dated August 1, 1929, and issued under the Improvement Act of 1911 [Stats. 1911, p. 730; 3 Deering's Gen. Laws, 1923, Act 8199]. Pending the appeal the defendant died and the executor of his will has been substituted.

The court found that each party had paid a certain amount for his deed and that each deed was valid, and concluded that the parties owned the property as tenants in common, with each having a lien for the amount which he had paid for his interest. Judgment was entered accordingly and the plaintiff has appealed, claiming that the defendant's deed is invalid because of alleged errors in the proceedings leading up to that deed.

The court fixed and determined the rights of the parties in accordance with the rules announced in *Monheit* v. *Cigna,* 28 Cal.2d 19 [168 P.2d 965, 167 A.L.R. 995]. Under those principles it seems unlikely, even upon a full showing, that this judgment could be reversed. Be that as it may, there is nothing in the record as here presented which discloses reversible error. The short reporter's transcript refers to various exhibits received in evidence but does not disclose their contents, and these exhibits have not been brought here as a part of the record.

While certain contentions based upon these exhibits are made in appellant's briefs, it may be assumed that he has abandoned these contentions since he has not desired to arrange to have these exhibits sent here as a part of the

record. Rule 10 (b) of the Rules on Appeal requires a party to arrange for the transmission to the reviewing court of desired exhibits when he receives notice that the appeal is set for hearing. While it would seem that this rule is both clear and one easily complied with, we have had considerable difficulty with it in this district. In an attempt to meet the situation, and at the same time prevent any default through mere inadvertence, we have for some years used a rubber stamp which reads: "If any exhibits are desired, arrange AT ONCE for their transfer. See Rule 10b." This warning is stamped on each card sent out by the clerk giving notice that an appeal has been set for hearing. This was done in this case.

No great difficulty or hardship is involved in requesting the transfer of exhibits if a party relies on them as an essential part of his record. On the other hand, much inconvenience and extra work has been caused in this court by the discovery, during the study of a case, that an important and much relied on exhibit has not been transferred. While the rule permits the court to then order the exhibit sent up this involves a delay, sometimes for many days. In a complicated case, where the materiality of the absent exhibit is discovered after working a number of days, this delay not infrequently causes considerable extra work upon later returning to that case. Moreover, the point affected by the exhibit may have been abandoned by the party who, after having the matter directly called to his attention, has expressed no desire to have the exhibit transferred.

Not only are we entitled to assume, under these circumstances, that the appellant did not desire the transfer of these exhibits but it may be assumed that he, being a lawyer, best knows whether or not they would be beneficial to him.

This rule has been in effect for five years and should now be well known to all attorneys. Aside from the personal notice in each case, above mentioned, we have repeatedly called attention to the necessity for complying with this rule from the bench, at bar meetings and even in opinions. This was done at the court session at which this case was submitted. It would seem that more drastic action is necessary. This would seem to be a good case in which to begin such action since it seems probable that the ultimate result will not be affected and since, in any event, the judgment is just and equitable between the parties. Neither of them is

the original owner, and each is claiming under a form of deed provided by law in connection with the collection of just debts for public purposes.

No error appearing in the record before us, the judgment is affirmed.

Marks, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied September 13, 1948. Carter, J., voted for a hearing.