[Civ. No. 4167. Fourth Dist. Oct. 29, 1951.]

CLIFFORD BRINKERHOFF, a Minor, etc., Respondent, v. WILLIAM J. FERGUSON, Appellant.

WILLIAM MORTON, Respondent, v. WILLIAM J. FERGUSON, Appellant.

ARTHUR R. HAYES, a Minor, etc., Respondent, v. WILLIAM J. FERGUSON, Appellant.

Syril S. Tipton for Appellant.

S. B. Kaufman and Thomas E. Heffernan for Respondents.

BARNARD, P. J.—This is an appeal from an order granting a new trial. The three actions were consolidated for trial and on this appeal.

The plaintiffs were injured in a collision between a Ford car, in which they were riding as passengers, and a tractor and semitrailer owned and driven by the defendant. This "truck" was 45 feet long. The collision occurred at 8:15 p.m. on November 5, 1947, in the intersection of Highway 39 and Crescent Road in Orange County. Highway 39, running north and south, is a divided highway with trees and shrubbery between the northbound and southbound traffic lanes, each of which is 11 feet wide. Crescent Road runs east and west and is 27 feet wide.

The plaintiffs were riding with one Boyde, who was traveling south on Highway 39 at a speed of about 50 miles an hour. The defendant had been traveling north on that highway, and made a left turn in order to go west on Crescent Road. He stopped somewhere in the intersection and saw the lights of the approaching Ford, but misjudged its distance, and then started up and proceeded across the southbound traffic lane. Before he was able to clear that lane the Ford ran into his truck, near its rear end, causing the injuries here involved. A jury returned a verdict in favor of the defendant, the court granted the plaintiffs' motion for a new trial on the ground of insufficiency of the evidence, and this appeal followed.

■ The granting of a new trial rests largely in the discretion of the trial judge, and such an order will not be reversed unless an abuse of that discretion clearly appears. (*Stone* v. *Los Angeles Flood Control Dist.*, 81 Cal.App.2d 902 [185 P.2d 396].) ■ The burden of showing such an abuse of discretion is on the appellant. (*Thompson* v. *Pioneer Laundry Co.*, 54 Cal.App.2d 360 [128 P.2d 915].) ■ The trial judge must himself weigh the evidence (*Green* v. *Soule*, 145 Cal. 96 [78 P. 337]), and in resolving any conflicts he may draw inferences contrary to those made by the jury. (*Smith* v. *Ward Transp. Co.*, 81 Cal.App.2d 213 [183 P.2d 701].) ■ An order granting a new trial may be reversed only

when there is no substantial conflict on material issues and the evidence is insufficient, as a matter of law, to support a contrary verdict. (*De La Falaise* v. *Gaumont-British Picture Corp.*, 39 Cal.App.2d 461 [103 P.2d 447].)

 The appellant contends that there is no substantial evidence of negligence on his part; and that it must be held, as a matter of law, that there is no substantial evidence which would support a verdict to the contrary. While the record amply supports the jury's verdict, it cannot be held, as a matter of law, that there is no substantial evidence which would support a contrary conclusion.

The appellant testified that because of the length of his truck he made a wide sweep into the intersection; that when he was part way through his turn he stopped for six or eight seconds; that after he stopped he looked down the highway and saw the approaching lights; that he thought these lights were from 1,000 to 1,200 feet away; and that he then shifted gears, which took another second, and started forward. At one time he testified that he first saw the Ford when he stopped, and at another time he said he saw its lights, a considerable distance away, as he approached the intersection. He also testified that as he was coming to "the bend of the intersection," and before he stopped, he estimated the Ford was 1,500 feet away. In referring to the "bend of the intersection" he must have meant where he was making his turn. He testified that he misjudged the speed of the Ford; that when his truck was about halfway "across the street" he saw that the Ford was coming "much faster" than when he first saw it; and that at the time his truck was hit he was on the proper side of Crescent Road, going west. There was evidence that immediately after the accident appellant's vehicle was on the south or wrong side of Crescent Road, and that he told an officer who arrived within a few minutes that his vehicle was on the south side of Crescent Road at the time of the impact. There were rubber marks extending from the point of the accident to where the truck stood when the officer arrived, a distance of 45 feet. There is a conflict in the evidence as to whether these marks were made before or after the collision. A witness, who had been traveling north on Highway 39 a short distance behind the appellant, testified that as he approached this intersection he saw the lights of the car coming south, and that "when the truck was a hundred and fifty feet south of the intersection, the Ford was two hundred and fifty yards north of the intersection." He also testified

that after the truck stopped and changed gears it moved out across the road and the Ford came on down.

The respondent Morton testified that he was riding in the front seat of the Ford car; that he was watching the roadway; that when they were about 150 feet from the intersection he saw the lights of appellant's truck just coming out into the street ahead of them; and that Boyde "took his foot off the gas, then swerved to the left." Another respondent testified that when they were about 150 feet from the intersection Morton hollered "Look out," and that he opened his eyes and "I seen this truck coming out on the side." The other respondent testified that he first saw a beam of light across the road; that in just a few moments the truck started out and seemed to keep moving; and that the driver of the Ford swerved to his left.

The record fails to disclose just where the truck stopped, how far apart the north and south lanes of this highway were, or how far the truck had to travel, after it stopped, in order to clear the southbound traffic lane. (Some of these matters may have appeared on a map introduced in evidence upon which the witnesses marked various points, but that exhibit has not been produced here. See *Kipp* v. *Warriner,* 86 Cal.App.2d 814 [195 P.2d 888].) Whether this long truck should have been started from a standing position and driven into the path of the other car, under the circumstances then existing, naturally presents a question of fact rather than one of law. There was some evidence indicating that the Ford was fairly close at the time the truck entered the intersection, and several seconds then elapsed before it completed its turn and entered the southbound lane, during which time the Ford must have traveled a considerable distance. The fact that the appellant misjudged the approach of the Ford is not controlling, and the difficulty of estimating its speed and distance at night is an element to be considered. There was some conflict as to facts material to the main issues, and different inferences are possible from portions of the evidence. Since the evidence would have supported a contrary verdict, no abuse of discretion appears.

The order appealed from is affirmed.

Griffin, J., and Mussell, J., concurred.