.[Civ. No. 8352.   Third Dist.   Feb. 25, 1954.]

C. E. CRANE et al., Appellants, v. FRANK MIDDLETON et al., Defendants; ARTIE NORGARD GORDON, as Executrix, etc., Respondent.

Jones, Lane, Weaver & Daley for Appellants.

Lafayette J. Smallpage and Harold J. Willis for Respondent.

SCHOTTKY, J.—This is an appeal upon the judgment roll from an order granting a new trial to Artie Norgard Gordon, respondent herein.

Plaintiffs commenced an action against defendants for an injunction and for damages resulting from alleged diversions of water from a watercourse which flowed through the

lands of the parties. One of the defendants named in the caption of the complaint was "Artie Norgard Gordon, Executrix of the Estate of Elmer Norgard, deceased." Artie Norgard Gordon was the daughter of Elmer Norgard, deceased, and the executrix of his estate. Prior to the trial of the action, plaintiffs, having conveyed their interest in their land, abandoned their prayer for an injunction. Following a trial before the court, sitting without a jury, findings were made and several judgments were entered in favor of plaintiffs, against defendant Middleton for $4,699.27, against defendant Ferschoni for $4,699.26, and against "Artie Norgard Gordon, Executrix of the Estate of Elmer Norgard, deceased," for $2,349.63. Defendants Middleton and Ferschoni are not parties to this appeal.

Respondent gave notice of intention to move for a new trial, naming herself in the notice as Artie Norgard Gordon, executrix, etc. The court's minutes for March 4, 1952, show that the motion for new trial came on for hearing that day and that counsel Smallpage moved that the case be reopened as to "defendant Norgard estate" only, for all purposes, to be stated in a written stipulation to be filed forthwith. The minutes further show that appellants' counsel stipulated that the motion should be granted and that thereupon counsel for "defendant Norgard estate" withdrew his motion for a new trial and the case was set for further hearing. The stipulation between appellants and respondent was executed by their respective counsel on the following day and was promptly filed. Respondent was named in the stipulation as defendant Artie Norgard Gordon, as executrix, etc., and counsel signed the stipulation, on her behalf, as attorneys for defendant estate of Norgard. The stipulation provided that the findings and conclusions and the judgment, as to respondent only, should be vacated as of March 5, 1952, the date of the stipulation, and be deemed to have been refiled as of the same day. The two following paragraphs of the stipulation are important to this appeal, and it should be noted that references therein to respondent as "defendant Artie Norgard Gordon, etc." obviously refer back to the opening paragraph of the stipulation where she is named "as executrix of the estate of Elmer Norgard, deceased":

"(4) That in the event the Court should thereafter make and render Judgment against the said defendant ARTIE NORGARD GORDON, etc., the latter, if she be so advised to do, shall file her Notice of Appeal within five (5) days after

service upon her or her Counsel of the written Notice of Entry of said Judgment; other than aforesaid, the said Defendant hereby waives the right of making a Motion for New Trial, or any other Motion whatsoever from and after the entry of said Judgment;

"(5) That in the event Judgment should be entered against the aforesaid Defendant ARTIE NORGARD GORDON, etc., that Execution of the same shall be stayed for a period of ten (10) days after the written Notice of Entry of Judgment has been given to the aforesaid Defendant, or her Counsel."

Respondent filed written objections to certain of the findings. She is named in the writing as Artie Norgard Gordon, executrix, etc. The court's order vacating the findings and conclusions and the judgment pursuant to the stipulation, refers to her as Artie Norgard Gordon, *as* executrix, etc. Her objections to the findings came on for hearing on March 10, 1952, and the court's minutes relating to the hearing refer to her merely as defendant Artie Norgard Gordon, the words "executrix, etc." being omitted. A similar reference is contained in the court's minutes for March 25th, when the case was reopened and the court adopted the findings and judgment theretofore entered. Judgment was entered against respondent Artie Norgard Gordon on April 7th. The judgment was against her personally, there being no reference to her capacity as executrix. Findings and conclusions were filed the same day and they, too, refer to her only as an individual. Notice of reentry of judgment was given to respondent by appellants' counsel, and this notice is directed to her as Artie Norgard Gordon, executrix, etc.

On April 15, 1952, respondent filed notice of intention to move for a new trial. The notice was supported by her affidavit and by a memorandum of points and authorities. It was her position that she had never appeared in the action in her individual capacity and that a personal judgment against her was not warranted. Appellants then filed a notice of motion to strike respondent's notice of intention to move for a new trial, on the ground that respondent was precluded by the stipulation from moving for a new trial. The court's minutes show that appellants' motion for new trial was argued and submitted on April 30th, and that on May 6th the motion for new trial was granted on the grounds: (a) that the evidence was insufficient (as to this particular defendant) to warrant the decision; and (b) that otherwise the

decision was against law. The order granting the motion was accordingly entered on May 9th.

Appellants contend that the court erred in granting respondent's motion for a new trial. They argue that the addition of the words "executrix, etc." after the name of the respondent were mere words of description, that the action was brought and prosecuted against her personally, and that she is foreclosed by the stipulation from seeking a new trial. They point out that she is not named "as executrix" in the caption of the complaint, that there are no allegations setting up her capacity as executrix, and that there are no charging allegations against the estate. It appears that while the caption of the complaint includes as a defendant "Artie Norgard Gordon, Executrix of the Estate of Elmer Norgard, deceased," the body of the complaint alleges wrongful construction of diversion works and wrongful diversion of water by "defendants." The record shows that appellants knew that the only land and pump here involved with which respondent had any connection belonged to the Norgard estate, as this appears from the affidavit of appellant C. E. Crane filed in support of appellants' application for a preliminary injunction wherein he refers to the lands and pump of "defendant Norgard."

The sheriff's return on summons shows that respondent was served "as executrix" of the estate. No service was made on her as an individual. Respondent's first appearance in the case was by way of demurrer, and she appeared as Artie Norgard Gordon, executrix, etc. The demurrer was overruled and she answered, again appearing as Artie Norgard Gordon, executrix, etc., and reciting in the verification that she was the executrix of the estate of Elmer Norgard, deceased, one of the defendants in the action. She filed an affidavit in opposition to a preliminary injunction, in which she recited her capacity as executrix (affidavit sent up with augmentation of record). It is obvious from its content that the affidavit was filed on behalf of the estate. Appellant C. E. Crane refers to this affidavit, in his affidavit mentioned above, and he adds to the confusion (if respondent was the defendant) by referring to the defendant as the defendant Norgard. Respondent points to numerous instances in the record where reference is made to defendant Norgard; for example, the court's minutes showing apportionment of the judgment among defendants Norgard, Ferschoni, and Middleton.

While it is true, as argued by appellant, that the designation in the caption of the complaint of respondent as "Artie Norgard Gordon, Executrix of the Estate of Elmer Norgard, deceased" might be considered, technically, as an action against her individually, it might well be inquired of appellants as to why she was so designated in the complaint and throughout the proceedings, until the entry of the second judgment, if a judgment was only sought against her as an individual. For there can be no doubt that if the first judgment which was against "Artie Norgard Gordon, executrix of the Estate of Elmer Norgard, deceased," were recorded in the office of the county recorder it would be regarded as a cloud upon the title of the estate of Elmer Norgard. The sheriff's office which made service of summons upon respondent evidently considered that she was being sued as executrix because the return of service states that summons was served upon her "as executrix of the Estate of Elmer Norgard, deceased." It may reasonably be inferred that such service was made in accordance with instructions from appellants' attorney. The transcript of the testimony is not before us, but it is apparent from the clerk's transcript, as hereinbefore set forth, that at least respondent and the court regarded the action as against the Norgard estate, for the court in its order for judgment ordered that "judgment be for plaintiff in the sum of $11,748.16, apportioned among the defendants as follows: Norgard $2,349.63, Ferschoni $4,699.26 and Middleton $4,699.27." And appellant C. E. Crane himself, in an affidavit filed in support of appellants' application for a preliminary injunction, refers to "defendant Norgard." And the stipulation, upon which appellants rely so strongly, begins by reciting: "IT IS HEREBY STIPULATED between Plaintiffs, by and through their Counsel, and Defendant ARTIE NORGARD GORDON, as Executrix of the Estate of ELMER NORGARD, Deceased, through her Counsel, as follows:" There is nothing in the body of the stipulation to negative this recital, and the stipulation is signed by respondent's counsel, "Attorneys for Defendant Estate of Norgard."

It seems somewhat strange that after the first judgment was set aside in accordance with the stipulation, a new judgment should be entered which for the first time in all the proceedings does not add "Executrix of the Estate of Elmer Norgard, Deceased," after "defendant Artie Norgard Gordon." We are convinced that after the learned and experienced trial

judge examined the record when he considered the motion to dismiss respondent's motion for a new trial, and when he considered the motion for a new trial itself, he realized that at least both he and respondent had regarded the action as one against the estate of Norgard and that the action was tried on that theory, and he was fully justified in reaching the conclusion:

"(a) That the evidence was insufficient (as to this particular defendant) to warrant the decision;

"(b) That otherwise the decision was against law."

The law would indeed be lame if we were compelled to uphold appellants' contentions upon this appeal. As this court said in *Feigin* v. *Kutchor*, 105 Cal.App.2d 744, at page 748 [234 P.2d 264]:

"The administration of justice is not improved by slavish adherence to technical rules of pleading, but counsel and court should cooperate in having the pleadings so shaped that the controversy between the parties litigant may be fully and fairly determined upon its merits and in accordance with substantial justice."

As hereinbefore noted, the new trial was granted on the grounds that the evidence was insufficient *as to this particular defendant* and that otherwise the decision was against law. ▮ Insufficiency of the evidence is a ground resting peculiarly within the discretion of the trial court, and its order either granting or refusing a new trial cannot be disturbed on appeal in the absence of a showing of abuse. (*Estate of Wall*, 183 Cal. 431, 432-433 [191 P. 687].) ▮ The burden of showing such abuse of discretion is on the appellants (*Brinkerhoff* v. *Ferguson*, 107 Cal.App.2d 175, 176 [236 P.2d 588]), and all presumptions are in favor of the order and against the judgment (*Norden* v. *Hartman*, 111 Cal.App.2d 751, 759 [245 P.2d 3].)

We are satisfied that upon the record here the court did not abuse its discretion either in denying appellants' motion to dismiss the respondent's motion for a new trial or in granting said motion for a new trial.

No other points raised require discussion.

The order granting a new trial is affirmed.

Van Dyke, P. J., and Peek, J., concurred.