TAYLOR, J. pro tem.*
This isan appeal from an order granting a new trial to the plaintiff in a personal injury action on the grounds of insufficiency of the evidence after a jury verdict in favor of the defendants.
The pertinent facts are as follows: The defendant Santa Fe maintains a single set of railroad tracks running in a general northerly and southerly direction across China Basin Street and extending onto Pier 54 on the San Francisco waterfront. The tracks are used to transport cargo from the pier to industrial facilities. For about three years before the collision which formed the basis of this action, the defendant railroad company maintained a set of manually controlled automatic flasher red light signals with a sounding bell on both sides of the
*60 Immediately adjacent to Pier 54 and to the east of the tracks is a restaurant known as Mom’s Café. During the noon hour on April 16, 1957, the plaintiff parked his car near the restaurant and entered for a cup of coffee. At approximately 12:30 p. m. he left the café, got into his car, backed it around and proceeded forward in a general westerly direction to a point where he stopped on the tracks for several seconds, just before reaching the easterly edge of China Ba-sin Street, to await the passing of a truck coming from his left and proceeding on China Basin Street. tracks, to control traffic on China Basin Street. These signals had not been activated at the time of the accident. Plaintiff was familiar with this area and had seen and heard the signals on previous occasions.
At this time defendant railroad’s switch engine with some flatcars attached was facing in a general southerly direction with its front three or four feet outside Pier 54 gate, and according to the engineer’s testimony, 25 to 30 feet from where the collision occurred. The engineer testified it had been stationary in this location for 15 minutes. The plaintiff testified that when he came out of the café he did not see the engine but did see the flatcars and that the train was stopped. After getting into his car the plaintiff never again looked to his right in the direction of the train prior to the collision.
The engineer testified that the train foreman who was on the pier in back of the engine gave a forward order; that the engineer then rang the bell, started the engine when the foreman said “Clear,” and that in three or four seconds the collision occurred. The plaintiff and other witnesses testified that they did not hear the engine bell. The engineer being on the right side of the cab never saw the plaintiff’s car until after the accident. The fireman, who had a direct view of the area occupied by plaintiff’s car, did not testify. A witness named Weckerle who was seated in a truck 20 to 30 feet from the defendant’s engine and had a clear view of the entire accident, testified that the plaintiff’s car was stopped on the tracks both before the engine moved from its position outside the pier gate and at the time of the collision. The plaintiff testified that he was just starting his car from its position on the'tracks and had gone about one foot when he was struck.
Plaintiff’s car was struck on the right front fender and door and he claims physical injuries as the result of the negligent operation of the defendants’ engine. Defendants plead the defense of contributory negligence.
*61 The minute order of the trial court read in part: “The negligence of defendants was well established and any evidence tending to support a finding of contributory negligence under the circumstances is so slight as to be insufficient. New trial granted, insufficiency of the evidence. ’ ’ The defendant does not argue on appeal the question of its own negligence, but its sole contention is that the trial court abused its discretion in granting a new trial on the ground there was insufficient evidence of contributory negligence to sustain the verdict.
On appeal all presumptions are in favor of an order granting a new trial and against the judgment, and the appellate court will reverse such an order only where as a matter of law there is no substantial evidence to support a contrary judgment. The burden of showing a manifest abuse of discretion by the trial court in granting the new trial is on appellants. (Crane v. Middleton, 123 Cal.App.2d 517, 522 [267 P.2d 32] ; Brandelius v. City & County of San Francisco, 47 Cal.2d 729, 733 [306 P.2d 432].)
The evidence in this ease establishes without contradiction that plaintiff’s car had stopped on defendants’ tracks on the edge of a thoroughfare for several seconds awaiting traffic, when defendants’ engine, which had been stationary for 15 minutes, was started without activating the crossing signals, and after traveling not more than 30 feet in three or four seconds, collided with plaintiff’s car which had barely started. There is a conflict in the testimony as to whether the engine bell was sounded.
The mere fact that plaintiff drove upon and across the defendants’ tracks when a stationary switch engine was standing nearby, and particularly where the crossing signals were inactive, would not, of itself, constitute contributory negligence as a matter of law. In Robinson v. Western Pac. R.R. Co., 48 Cal. 409, 421-422, a train which had been standing on the track suddenly backed into the plaintiff as she was crossing the street. In affirming the trial court’s refusal to grant a new trial on the grounds of plaintiff’s contributory negligence the Supreme Court said, “If before or after the plaintiff had commenced to cross she had been notified that the train was about to move, and a proper pause had been made, she would have escaped all injury. But she was not bound to wait indefinitely because the train was there, or to assume that it might move suddenly backward and without notice. . . . She could properly act on the presumption that the employes of the defendant would use the degree of care which persons of *62 ordinary prudence are accustomed to employ under the same or similar circumstances; due regard being had for the rights of others.”
The defendants rely on Will v. Southern Pacific Co., 18 Cal.2d 468 [116 P.2d 44] and other cases which hold that a plaintiff driver about to cross a railroad track must use reasonable care to look and listen for approaching trains and cannot blindly rely on crossing signals. The “look and listen” doctrine does not apply to the facts of this case. Negligence on the part of a plaintiff is not a bar to recovery unless it proximately contributes to the injury complained of. (Bush v. Lagomarsino, 196 Cal. 308 [237 P. 1066].) The defendant’s engine was stationary up to the time the plaintiff’s car was actually stopped on the tracks. Had the plaintiff kept his eyes continually on the train from the time he left the café until he stopped to await the passing of the truck, he would have observed no movement and nothing new to give him concern. His negligence in failing to look to the right before driving onto the tracks was thus not related to the accident, or a proximate cause thereof. The omission was not a substantial factor in bringing about the result. (Prosser on Torts, 2d ed., p. 218.)
The defendants further contend that had the plaintiff looked to the right after arriving on the tracks he would have seen the engine approaching. There is a conflict in the evidence as to whether the engine bell was ever sounded, but even if we accept the engineer’s testimony that it was, there is no evidence of an appreciable interval between the sounding of the bell and the starting of the engine. The engineer testified that the collision occurred within three to four seconds after the engine first moved. Certainly under these facts we cannot say that the plaintiff was guilty of contributory negligence as a matter of law nor that it could not reasonably be inferred as a matter of fact that the plaintiff was free from contributory negligence in not extricating himself before the accident.
We conclude that the trial court did not abuse its discretion in granting a new trial on the ground of the insufficiency of the evidence to support a finding of contributory negligence. The order is affirmed.
Bray, P. J., and Tobriner, J., concurred.

 Assigned by Chairman of Judicial Council.